ORIGINAL

1  IDRISA SESAY[1]
   A77-062-688
2  San Diego Detention Center (CCA)
   PO Box 439049
3  San Ysidro, CA 92143-9049

*FILED*

07 DEC 17 PH 3:29

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____  DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

07 CV 2354 JM LSP

| | |
|---|---|
| IDRISA SESAY,<br>[A77-062-688],<br><br>                        Petitioner,<br><br>       v.<br><br>MICHAEL CHERTOFF, SECRETARY<br>OF THE DEPARTMENT OF<br>HOMELAND SECURITY, MICHAEL<br>MUKASEY, ATTORNEY GENERAL,<br>ROBIN BAKER, DIRECTOR OF SAN<br>DIEGO FIELD OFFICE, U.S.<br>IMMIGRATION AND CUSTOMS<br>ENFORCEMENT, JOHN A. GARZON,<br>OFFICER-IN-CHARGE,<br><br>                 Respondents. | Civil Action No.<br><br><br><br>    **PETITION**<br>      **FOR**<br>**WRIT OF HABEAS CORPUS**<br><br>   **[28 U.S.C. § 2241]** |

## I.

### INTRODUCTION

The petitioner, Idrisa Sesay, respectfully petitions this Court for a writ of habeas corpus to remedy his unlawful detention.

///

---

[1]The petitioner is filing this petition for a writ of habeas corpus with the assistance of James Fife and the Federal Defenders of San Diego, Inc., who drafted the instant petition. That same counsel also assisted the petitioner in preparing and submitting his request for the appointment of counsel. Robin Baker is the director of the San Diego field office of U.S. Immigration and Customs Enforcement. He administers federal immigration laws on behalf of the Secretary of Homeland Security in the federal judicial district for the Southern District of California. In Mr. Baker's capacity as the director of the local office of U.S. Immigration and Customs Enforcement, he has immediate control and custody over the petitioner. John Garzon is the officer in charge of the detention facility holding the petitioner.

1    Petitioner is in the custody of the Secretary of the Department of Homeland Security and the Attorney

2    General of the United States and their employees (hereinafter "respondents"). He is detained under

3    respondents' behest and supervision at the CCA detention facility in San Ysidro, California, under the control

4    of the officer in charge.

5

6                                              **II.**

7                              **JURISDICTION AND VENUE**

8        This Court has jurisdiction under 28 U.S.C. §§ 1331, 2241(c)(1) and (3), and U.S. Const. art. I., § 9, cl.

9    2, because the Petitioner is being unlawfully detained as a result of U.S. Immigration and Customs

10   Enforcement's misunderstanding of the provisions of 8 U.S.C. § 1231(a)(6). See Zadvydas v. Davis, 533 U.S.

11   678, 686-90 (2001). Moreover, his detention violates the Constitution, the laws, and the treaties of the United

12   States. See Magana-Pizano v. INS, 200 F.3d 603, 610 (9th Cir. 2000); Goncalves v. Reno, 144 F.3d 110, 123

13   (1st Cir. 1998). Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 482-83 (1999),

14   makes clear that the petitioner's habeas petition is not barred by 8 U.S.C. § 1252(g).

15

16       Venue is proper in this district because the Petitioner is detained here. See 28 U.S.C. § 2241, et. seq., and

17   28 U.S.C. § 1391(e).

18

19                                             **III.**

20                                        **BACKGROUND**

21       The Petitioner is a native of the Sudan, a member of the Dinka ethnic, linguistic, and religious minority.

22   He came to the United States on a false Sierra Leone passport secured by his slave master. After Petitioner

23   secured his freedom, he remained in the United States. He subsequently sustained criminal convictions and

24   was ordered removed to Sierra Leone. However, as Petitioner is Sudanese and has no legal status in Sierra

25   Leone, Respondents cannot obtain travel documents to remove him. Since Petitioner cannot be removed to

26   his destination country or any other alternate country, he is being held by the Respondents based upon a

27

28

                                              2

1  misconstrual of their statutory authority to indefinitely detain non-removable aliens under 8 U.S.C. §

2  1231(a)(6) and in violation of the Supreme Court's holding in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001).

3      Petitioner was born in Toray, Sudan in 1970. At a young age, he left the Sudan and lived in Chad for a

4
5  year and then in South Africa for six years. Petitioner was an involuntary servant to a master from South

6  Africa. The State Department reports that forced labor or impressment into the military was the surmised fate

7  of as many as 15,000 Dinka women and children who were abducted during the 1980s and 1990s, over half

8  of whom were never accounted for.    <u>See</u> Dep't of State, <u>Sudan Human Rights Report–2006</u>,

9
10  http://www.state.gov/g/drl/rls/hrrpt/2006/78759.htm (Mar. 6, 2007). While some of the abducted Dinka

11  managed to escape or were ransomed, some were presumed to have been killed by their slave masters. <u>See</u>

12  <u>id.</u>

13      Petitioner eventually traveled to the United States in 1986, arriving in New York on a Sierra Leone

14
15  passport secured by his South African master. It was in this country that he obtained his freedom from

16  servitude. He went on to attend high school and receive a college degree, working in skilled positions as a

17  diesel mechanic and hydraulics engineer. In 2004, he sustained a criminal conviction for sexual battery by

18  restraint and was sentenced to four years in prison. On October 24, 2006, he was transferred to the custody

19
20  of Respondents following completion of his prison term. On May 10, 2007, he was ordered removed to

21  Sierra Leone. Petitioner waived appeal. His order of removal therefore became final as of that date. <u>See</u> 8

22  C.F.R. § 1241.1(b) (removal order final if alien waives appeal).

23      Petitioner has been in the continuous custody of U.S. Immigration and Customs Enforcement ("ICE") for

24  nearly **14 months**, and his order of removal has been final for more than **seven months**. ICE conducted a

25  Post-Order Custody review and decided on **August 17, 2007,** to continue detention, claiming petitioner was

26
27  a danger to the community. <u>See</u> Appendix A attached hereto. A subsequent review by the Headquarters Post-

28  Order Custody Unit was scheduled to occur on November 6, 2007, but was never carried out, following an

1  allegation that Petitioner was failing to cooperate, because he correctly reported he was Sudanese, not Sierra

2  Leonean.  Because Petitioner's only connection to Sierra Leone is the false documentation used by his former

3  slave master to secure admission of Petitioner into the United States, ICE is unable to secure permission from

4  Sierra Leone to return Petitioner there, despite seven months of attempts.  Thus, Petitioner remains in custody,

5  although there is **no significant likelihood he can be removed** by ICE to his ordered destination or any

6  alternative destination in the reasonably foreseeable future.

7

8

9                                             **IV.**

10                                        **ARGUMENT**

11  **THIS COURT MUST RELEASE THE PETITIONER FROM THE CUSTODY OF THE
    RESPONDENTS UNDER APPROPRIATE CONDITIONS OF SUPERVISION.**

12

13       Federal law requires the Attorney General to remove a deportable alien from the United States within a

14  ninety-day period after an immigration judge's order of removal becomes administratively final.  <u>See</u> 8 U.S.C.

15  § 1231(a)(1); <u>see also</u> <u>Ma v. Ashcroft</u>, 257 F.3d 1095, 1104 (9th Cir. 2002).  During the ninety-day removal

16  period, the alien must be detained in custody.  <u>See</u> 8 U.S.C. § 1231(a)(2).

17

18       If the Attorney General cannot remove the alien within the statutory removal period, the Attorney General

19  can release the person in question under appropriate conditions of supervision, including regular appearances

20  before an immigration officer, travel restrictions, and medical or psychiatric examinations, among other

21  requirements.  <u>See</u> <u>Ma</u>, 257 F.3d at 1104; <u>see also</u> 8 U.S.C. § 1231(a)(3) (listing the conditions of supervision

22  for deportable or removable aliens released from immigration custody at the expiration of the ninety-day

23  removal period).  The Attorney General may detain a deportable or inadmissible alien beyond the ninety-day

24  removal period, however, when he determines that the person in question would "be a risk to the community

25  or unlikely to comply with the order of removal" if released from immigration custody.  8 U.S.C. § 1231(a)(6).

26

27       However, in <u>Zadvydas</u>, 533 U.S. at 689, the Supreme Court held that 8 U.S.C. § 1231(a)(6) only

28

1  authorizes a period of detention that is reasonably necessary to bring about an alien's removal from the United

2  States, and "does not permit indefinite detention." If a deportable alien has not been released from

3
   immigration custody within a six-month period after the issuance of a final order of removal, "the habeas
4
   court must ask whether the detention in question exceeds a period reasonably necessary to secure removal."
5

6  Id. at 699; see also Ma, 257 F.3d at 1102 n.5 (declaring that in Zadvydas, "the Supreme Court read the statute

7  to permit a 'presumptively reasonable' detention period of *six months* after a final order of removal–that is,

8  *three months* after the statutory removal period has ended"). When a deportable alien "provides *good reason*

9
   *to believe that there is no significant likelihood of removal in the reasonably foreseeable future*, the
10
11 Government must respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701

12 (emphasis added). Federal officials **must** release a deportable alien from custody under appropriate conditions

13 of supervision when no "significant likelihood of removal [exists] in the reasonably foreseeable future." Id.;

14
   see also Ma, 257 F.3d at 1100 (concluding that federal law does not permit the Attorney General to hold
15
16 someone "for more than a reasonable period" beyond the ninety-day statutory removal window, and mandates

17 release of the alien under 8 U.S.C. § 1231(a)(3), when the alien "has already entered the United States and

18 there is no reasonable likelihood that a foreign government will accept the alien's return in the reasonably

19
   foreseeable future").
20
       The Zadvydas court erected a "presumptively reasonable" six-month detention period during which the
21
22 federal government should attempt to accomplish all reasonably foreseeable removals pursuant to 8 U.S.C.

23 § 1231. Zadvydas, 533 U.S. at 701; see also Ma, 257 F.3d at 1102 n.5. However, more broadly, Zadvydas

24 held that a detainee cannot be held beyond a period "reasonably necessary" to accomplish his or her removal

25 from the United States. Zadvydas, 533 U.S. at 699. When that removal is no longer foreseeable, the authority
26
27 to detain is lost: "Consequently, interpreting the statute to avoid a serious constitutional threat, we conclude

28 that, once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute.

See 1 E. Coke, Institutes *70b ('*Cessante ratione legis cessat ipse lex*') (the rationale of a legal rule no longer being applicable, the rule itself no longer applies)." Id.

Petitioner has been detained in the custody of Respondents since October 24, 2006, **nearly 14 months**, and was ordered deported over **seven months ago**. Petitioner's detention is beyond the reasonable detention period announced in Zadvydas and release is mandated. Although Petitioner was born in the Sudan, ICE is seeking to remove him to Sierra Leone, but Petitioner has never lived there and has no legal status. Sierra Leone has denied they have any record of Petitioner's status as a "citizen and national," as claimed by ICE. Nor does Petitioner have any historical, familial, or legal connections to Sierra Leone, so ICE's efforts to secure travel documents to that country are doomed to failure.

Although ICE asserts in conclusory terms that travel documents from Sierra Leone are imminent such sanguine claims cannot be accepted at face-value. The Inspector General's February 2007 report on ICE's removal procedures found that ICE, in fact, "has no measurable standard for determining the likelihood that an alien can be removed to his or her country of origin." Office of the Inspector General, Dep't of Homeland Security, ICE's Compliance with Detention Limits for Aliens with a Final Order of Removal from the United States 9 (Feb. 2007). Moreover, the Inspector General found that ICE officials actually *resist* the compilation and maintenance of accurate statistics of removal rates. See id. at 38-39. Thus, any estimations by ICE of likelihood of removal are based more on wishful thinking than any concrete evidence that success is indeed "regular."

There is no likelihood that Petitioner's destination country, or any reasonable alternative destination, will grant repatriation in the reasonably foreseeable future. See Zadvydas, 533 U.S. at 700; see also Ma, 257 F.3d at 1112 (holding that section 1231 mandates the release of deportable aliens when "there is . . . no demonstration of a reasonable likelihood that one will be entered into in the near future"). Therefore, Petitioner **must** be released under the conditions set out in §1231(a)(3). See Zadvydas, 533 U.S. at 700-01.

## V.

### REQUESTED RELIEF

Petitioner requests that this Court order Respondents to release him from custody under the conditions of supervision set forth in 8 U.S.C. §1231(a)(3).

## VI.

### VERIFICATION

I, Idrisa Sesay, hereby verify that the facts contained in the instant petition are true and correct.


Respectfully submitted,


Dated: 12/11/07

**IDRISA SESAY**
Petitioner

# Appendix A

*Office of Detention and Removal Operations*
*San Diego Field Office*

**U.S. Department of Homeland Security**
880 Front Street
San Diego, California 92101



**U.S. Immigration and Customs Enforcement**

SESAY, Idrisa                                                     A77 062 688
C/O Corrections Corporation of America
Otay Detention Facility
446 Alta Road, Suite #5400                      D/N/106/B
San Diego, California 92158

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

*You are deemed to be a danger to the community based upon your 2004 conviction for "Sexual Battery by Restraint". Immigration and Customs Enforcement (ICE) has requested and is currently awaiting a travel document from the Consul General of Sierra Leone. ICE has documents to show that you are a citizen and national of Sierra Leone and it is believed that a travel document will be issued in the foreseeable future. Based on your past conviction and the likelihood of your removal from the United States in the foreseeable future, ICE deems you to be a "danger to the community" and a "flight risk" if released. It is therefore recommended that you remain in custody at this time.*

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by November 6, 2007, jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will make a final determination regarding your custody.

_____                          8/17/07
Signature and Title of Deciding Official                    Date

JS44
(Rev. 07/89)

# ORIGINAL

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS** *Idrisa Sesay*

San Diego Detention Center (CCA)
P.O. Box 439049
San Ysidro, CA 92143

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED   San Diego
PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**  Michael Chertoff, Alberto Gonzales,
Ron Smith, Robert Staley

FILED

07 DEC 17 PM 3:29

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ___

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

'07 CV 2354 JM LSP

ATTORNEYS (IF KNOWN)  Samuel Bettwy
Assistant United States Attorney
Office of the United States Attorney
880 Front Street, San Diego, CA 92101
619-557-7119

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX
(For Diversity Cases Only)    FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

28 U.S.C. section 2241

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Liability - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $   Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE ___   Docket Number ___

DATE  9/15/07   SIGNATURE OF ATTORNEY OF RECORD  *Sesay*

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)