1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IDRISA SESAY,<br><br>                              Petitioner,<br><br>        vs.<br><br>MICHAEL CHERTOFF, Secretary,<br>Department of Homeland Security; RON<br>SMITH; District Director,<br><br>                              Respondent. | Civil No.    07-2354 JM (LSP)<br><br>**ORDER GRANTING APPLICATION<br>TO PROCEED IN FORMA PAUPERIS;<br>GRANTING MOTION FOR<br>APPOINTMENT OF COUNSEL** |

**Motion to Proceed in Forma Pauperis**

Petitioner, a detainee in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner has also filed a request to proceed in forma pauperis which reflects a $0.65 trust account balance at the facility in which he is presently confined.  Petitioner has insufficient funds on account at the facility in which he is presently confined.  Petitioner cannot afford the $5.00 filing fee.  Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security.  The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

**Motion for Appointment of Counsel**

Petitioner requests the appointment of counsel to assist him in prosecuting his Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. §2241 because he has little legal

07cv2354

1    experience, lacks the financial wherewithal to obtain representation, and, given the complexity

2    of the issues raised, cannot adequately address the issues raised in the Petition.  The Constitution

3    provides no right to appointment of counsel in a civil case unless an indigent litigant may lose

4    her physical liberty if she loses the litigation.  See Lassiter v. Dept. of Social Services, 452 U.S.

5    18, 25 (1981).  Under 18 U.S.C. §3006A(g) and 28 U.S.C. § 1915(e)(1), however, district courts

6    are granted discretion to appoint counsel for indigent persons under "exceptional circumstances"

7    or in the "interests of justice."  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A

8    finding of exceptional circumstances requires an evaluation of both the 'likelihood of success

9    on the merits and the ability of the plaintiff to articulate [his] claims pro se in light of the

10   complexity of the legal issues involved.'  Neither of these issues is dispositive and both must be

11   viewed together before reaching a decision.'"  Id. (quoting Wilborn v. Escalderon, 789 F.2d

12   1328, 1331 (9th Cir. 1986)).

13        In light of the legal and factual issues raised in the Petition, the court finds that it is in the

14   interests of justice to appoint counsel to represent Petitioner in this indefinite detention case.  See

15   18 U.S.C. §3006A(g).  Following his arrest and conviction for sexual battery by restraint, and

16   completion of the resulting four year sentence, Petitioner contends that he has been continuously

17   detained by the Department of Homeland Security since October 24, 2006.  (Compl. at p. 3:18).

18   Even though Petitioner entered this country under an alleged false passport claiming to be a

19   citizen of Sierra Leone, he now claims that he is actually a citizen of Sudan and that DHS has

20   been unable to remove Petitioner to his homed country of Sudan.  Petitioner also claims that he

21   was provided with a Post Order Custody review on August 17, 2007 and that he was found to

22   be a danger to the community.

23        Petitioner contends that under Zadvydas v. Davis, 533 U.S. 678, 701 (2001) he has a due

24   process right to release from custody because it is not reasonably likely that the petitioner can

25   be removed from the Untied States in the reasonably foreseeable future.  Whether Petitioner has

26   the legal right to be released from custody after the finding of danger to the community raises

27   complex factual and legal issues such that the interests of justice are furthered by appointment

28

of counsel to address the constitutional and immigration law issues. The court appoints the

Federal Defenders of San Diego, Inc. to represent Petitioner.

**IT IS SO ORDERED.**

DATED: January 2, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:          All parties

07cv2354