1  KAREN P. HEWITT
   United States Attorney
2  SAMUEL W. BETTWY
   Assistant U.S. Attorney
3  California State Bar No. 94918
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7119
   Facsimile:  (619) 557-5004
6
   Attorneys for Respondents
7

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10
    IDRISA SESAY,                    )   Case No. 07cv2354 JM (LSP)
11                                   )
                  Petitioner,        )
12                                   )
         v.                          )
13                                   )
    MICHAEL CHERTOFF, Secretary of   )   **EXHIBITS**
14  Homeland Security et al.,        )
                                     )
15                Respondents.       )
                                     )
16  _____ )

17  Sesay's Sierra Leone passport, issued August 27, 1994. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-3

18  Sesay's rap sheet. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-6

19  Sesay's February 4, 2000 applications to INS for TPS and employment authorization. . . . . 7-14

20  Abstract of judgment re 10/26/04 conviction for sexual battery by restraint.. . . . . . . . . . . . . 15

21  Probation Officer's 8/2603 report re Sesay. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16-26

22  10/2/06 detainer from DHS to California state prison.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

23  Form I-213 (Record of Deportable/Inadmissible Alien), dated 10/19/06. . . . . . . . . . . . . . 28-29

24  10/24/06 charging documents to commence removal proceedings.. . . . . . . . . . . . . . . . . . . 30-34

25  Immigration Judge's 5/10/07 Order.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

26  5/11/07 letter from DHS to Consulate of Sierra Leone.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

27  Post-order custody reviews. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37-58

28  Warnings to Sesay for failure to cooperate. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49, 59-62





This passport contains 32 pages.
Ce passeport contient 32 pages.

# PASSPORT
# PASSEPORT
## REPUBLIC OF
## SIERRA LEONE

These are to request and require in the name of
the President of the Republic of Sierra Leone all
those whom it may concern to allow the bearer to
pass freely without let or hindrance and to afford
him or her every assistance and protection of
which he or she may stand in need.

No. of PASSPORT }
No. du PASSEPORT }  **0 201993**





32

## NOTES

1. Sierra Leone passports are issued and renewed by the competent authorities in Sierra Leone and by the Diplomatic Missions and Consulates of Sierra Leone abroad to which application should be made. Passports should not be sent from one country to another by post.

2. They are available for five years in the first instance unless otherwise stated, and may be renewed for a further consecutive period of five years from the date of expiry provided the total period of validity of ten years from the original date is not exceeded. The fee for renewal is Le. 4.00. Passports are not valid beyond ten years from the original date of issue. If at any time the passport contains no further space for visas, a new Passport must be obtained.

3. They are only available for travel to the countries named on page 3, but may be endorsed for additional countries. The possession of a passport so endorsed does not exempt the holder from compliance with any immigration regulations in force in the territories named or from the necessity of obtaining a visa or permit where required. Passports endorsed as valid for the British Commonwealth are also available for travelling to territory under British protection or trusteeship.

## REGISTRATION AT CONSULATES ABROAD

Sierra Leone citizens who are resident abroad should at the earliest opportunity register their names and addresses at the nearest Diplomatic Mission or Consulate of Sierra Leone. Failure to do so may in a period of emergency result in difficulty or delay in according them the assistance and protection to which they are entitled. Changes of address or departure from the country should also be notified to the Mission or Consulate.

## CAUTION

*This passport remains the property of the Government of Sierra Leone and may be withdrawn at any time.*

*It is a valuable document and should not be altered in any way or allowed to pass into the possession of an unauthorised person. If lost or destroyed, the fact and circumstances should be immediately reported to the Passport Office, Freetown, or the Sierra Leone Mission or Consulate and to the local police. New passports can only be issued in such cases, after exhaustive inquiries.*



2

DESCRIPTION—SIGNALEMENT

**Bearer—Titulaire**

Profession } STUDENT
Profession }

Residence } USA
Résidence }

Height } 5 ft. 7 in.
Taille }

Colour of eyes } D/BROWN
Couleur des yeux }

Colour of hair } BLACK
Couleur des cheveux }

Special peculiarities }
Signes particuliers }

CHILDREN—ENFANTS

Name–Nom        Date of birth–Date de naissance        Sex–Sexe

Usual Signature
of Bearer
Signature
de Titulaire

3

COUNTRIES FOR WHICH THIS PASSPORT IS VALID
*PAYS POUR LESQUELS CE PASSEPORT
EST VALABLE*

Valid for travel to all Countries of
the world unless otherwise endorsed
and Subject to any visa or other
entry regulations of countries to be
visited

The validity of this passport expires:
Ce passeport expire le:

26.        8.        99

unless renewed.
à moins de renouvellement.

**CITIZEN OF THE REPUBLIC OF
SIERRA LEONE AND THE
COMMONWEALTH**

FBI Number:     721781KA2
Name:   SESAY, IDRISA
TID:    EISNJ200102406140859


UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
CRIMINAL JUSTICE INFORMATION SERVICES DIVISION
CLARKSBURG, WV  26306


CAICE0800                              ICN IFCS0001000020945789


BECAUSE ADDITIONS OR DELETIONS MAY BE MADE AT ANY TIME, A NEW COPY
SHOULD BE REQUESTED WHEN NEEDED FOR SUBSEQUENT USE.
                - FBI IDENTIFICATION RECORD -

WHEN EXPLANATION OF A CHARGE OR DISPOSITION IS NEEDED, COMMUNICATE
DIRECTLY WITH THE AGENCY THAT FURNISHED THE DATA TO THE FBI.

NAME                            FBI NO.        DATE REQUESTED
SESAY,IDRISSA                   721781KA2      2006/10/24

SEX  RACE  BIRTH DATE  HEIGHT  WEIGHT  EYES  HAIR
M    B     1967/02/11  506     120     BLK   BLK

BIRTH PLACE
SRI LANKA

FINGERPRINT CLASS  PATTERN CLASS                    CITIZENSHIP
01 03 08 14 16     AU RS RS RS RS AU LS LS LS LS    SIERRA LEONE
AA 08 09 13 13     RS AU       WU LS          WU

1-ARRESTED OR RECEIVED 1989/07/14  SID- MD1184745
   AGENCY-CO POLICE DEPARTMENT LANDOVER (MD0172100)
      AGENCY CASE-154729
      CHARGE 1-THEFT

2-ARRESTED OR RECEIVED 1992/07/23  SID- CA10147396
   AGENCY-POLICE DEPARTMENT LOS ANGELES (CA0194200)
      AGENCY CASE-2434112S
      CHARGE 1-M BATTERY ON PERSON

   COURT-POLICE DEPARTMENT LOS ANGELES (CA0194200)
      CHARGE-243 A  PC-BATTERY ON PERSON
      SENTENCE-
      PROS PREFILING DEFERRAL

3-ARRESTED OR RECEIVED 1998/07/13  SID- CA10147396
   AGENCY-POLICE DEPARTMENT LOS ANGELES (CA0194200)
      AGENCY CASE-2434112S
      CHARGE 1-F SPOUSE BEATING

   COURT-POLICE DEPARTMENT LOS ANGELES (CA0194200)
      CHARGE-273 5 A  PC-INFLICT CORPORAL INJ SPOUSE COHAB
      SENTENCE-
      PROS PREFILING DEFERRAL


END OF PART 1 - PART 2 TO FOLLOW


(4)

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
CRIMINAL JUSTICE INFORMATION SERVICES DIVISION
CLARKSBURG, WV  26306

CAICE0800                                    ICN IFCS0001000020945789
PART 2

- FBI IDENTIFICATION RECORD - FBI NO-721781KA2

4-ARRESTED OR RECEIVED 1999/01/21  SID- CA10147396
   AGENCY-POLICE DEPARTMENT LOS ANGELES (CA0194200)
      AGENCY CASE-2434112S NAME USED-IDRISSA,SESAY
      CHARGE 1-M FALSE REPORT OF CRIME

   COURT-MUN CRT METRO LOS ANGELES (CA019023J)
      CHARGE-148 5 A  PC-FALSE RPT CRIME TO SPECIFIC PO S
      SENTENCE-
      CONVICTED-PROB/JAIL                    -036MONTHS
      PROBATION    -030DAYS         JAIL           -
      IMP SEN SS

5-ARRESTED OR RECEIVED 2003/03/20  SID- TN02104186
   AGENCY-METRO POLICE DEPT NASHVILLE (TN0190100)
      AGENCY CASE-286366 NAME USED-SESAY,IDRISA MOHAMMED
      CHARGE 1-FUGITIVE FROM JUSTICE

6-ARRESTED OR RECEIVED 2003/04/11  SID- CA10147396
   AGENCY-SHERIFF'S OFFICE NORWALK (CA0190000)
      AGENCY CASE-7654425 NAME USED-SESAY,IDRASA MOHAMMED
      CHARGE 1-001 COUNT OF SEXUAL BATTERY

   COURT-SUPERIOR COURT LOS ANGELES (CA019293J)
      CHARGE-243 4 A  PC-SEXUAL BATTERY
      SENTENCE-
      CONVICTED COMMITTED TO PRISON         -                    -4
      YR TOTAL PRISON TERM-

7-ARRESTED OR RECEIVED 2004/10/26  SID- CA10147396
   AGENCY-SHERIFF'S OFFICE NORWALK (CA0190000)
      AGENCY CASE-8328403 NAME USED-SESAY,IDRISA
      CHARGE 1-001 COUNTS OF SEXUAL BATTERY

8-ARRESTED OR RECEIVED 2004/12/15  SID- CA10147396
   AGENCY-DOC N KERN ST PRISON DELANO (CA015045C)
      AGENCY CASE-V61620 NAME USED-SESAY,IDRISA MOHAMMED
      CHARGE 1-001 COUNTS OF SEXUAL BATTERY

   COURT-
      CHARGE-001 COUNTS OF SEXUAL BATTERY
      SENTENCE-
      SEN/004 YEARS PRISN


END OF PART 2 - PART 3 TO FOLLOW

5

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
CRIMINAL JUSTICE INFORMATION SERVICES DIVISION
CLARKSBURG, WV  26306

CAICE0800                                      ICN IFCS0001000020945789
PART 3

- FBI IDENTIFICATION RECORD - FBI NO-721781KA2

9-ARRESTED OR RECEIVED 2006/10/02
   AGENCY-ICE-DET/REM SAN JOSE (CAICE0800)
      AGENCY CASE-56607240 NAME USED-SESAY,IDRISA C
      CHARGE 1-DEPORTABLE ALIEN

RECORD UPDATED 2006/10/24

ALL ARREST ENTRIES CONTAINED IN THIS FBI RECORD ARE BASED ON
FINGERPRINT COMPARISONS AND PERTAIN TO THE SAME INDIVIDUAL.

THE USE OF THIS RECORD IS REGULATED BY LAW.  IT IS PROVIDED FOR OFFICIAL
USE ONLY AND MAY BE USED ONLY FOR THE PURPOSE REQUESTED.

**U.S. Department of Justice**
Immigration and Naturalization Service

OMB # 1115-0170
Application for Temporary Protected Status

## START HERE - Please Type or Print

### Part 1. Type of Application (check one)

1. ✓ This is my first application to register for Temporary Protected Status.
2. ___ This is my application for annual registration/re-registration. I have previously been granted Temporary Protected Status. I have maintained and continue to maintain the conditions of eligibility for Temporary Protected Status.

### Part 2. Information about You

| Family Name | First | Middle Initial |
|---|---|---|
| SESAY | IDRISSA | C |

**U.S. Mailing Address - Care of**

| Street Number and Name | Apt. # |
|---|---|
| 2917 SOUTH NORMANDIE AVE | |

| Town/City | County |
|---|---|
| LOS ANGELES | LOS ANGELES |

| State | ZIP Code |
|---|---|
| CA | 90007 |

| Place of Birth (Town or City) | (State/Country) |
|---|---|
| SIERRA LEONE | FREE TOWN |

Country of Residence ____

Country of Citizenship ____

Date of Birth (month/day/year) 11-14-____

Sex ✓ Male ☐ Female

Marital Status ✓ Single ☐ Married ☐ Divorced ☐ Widowed

Other Names Used (including maiden name) ____

| Date of entry into the U.S. | Place of entry into the U.S. |
|---|---|
| 07 - 26 - 86 | NEW YORK |

Manner of Arrival (Visitor, student, stowaway, without inspection, etc.)
VISITOR

Arrival/Departure Record (I-94) Number ____

Date authorized stay expired/or will expire, as shown on form I-94 or I-35 ____

**Your current immigration Status**

In Status (state nonimmigrant classification e.g. F-1, etc.) B-2

Out of Status (state nonimmigrant violation e.g. overstay student etc.; EWI) 1986

| Alien Registration Number (If any) | Social Security Number |
|---|---|
| A 77 062 688 | |

Are you now or have you ever been under immigration proceedings?
☐ Yes ☒ No Where ____ When ____
☐ Exclusion ☐ Deportation ☐ Rescission ☐ Judicial Proceedings

### Part 3. Information about Your spouse and children (if any)

| Name of Spouse Last | First | Middle Initial |
|---|---|---|
| | | |

| Address (number and street) | Apt # |
|---|---|
| | |

| Town/City | State |
|---|---|
| | |

| Country | Zip/Postal Code |
|---|---|
| | |

Continued on back

### FOR INS USE ONLY

**Remarks**

Feb 4/00 001#03983 LOS-NC
I-821        $50.00

APPROVED

JAN 22 2000

Feb 4/00 001#03983 LOS-NC
FR-Fee #0258 $25.00

LOS        8652

**Fee Stamp**

Please see in Rem 3033
$50.00
$25.00

**Case ID#:**

A#:

**To Be Completed by Attorney or Representative, if any**
☐ Fill in box if G-28 is attached to represent the applicant

VOLAG#

ATTY State License #

(7) 13

**Part 3.    Information about your spouse and children (con't)**

| Date of Birth (*month/day/ year*) | Date and Place of Present Marriage |
|---|---|
| Name of prior husbands/wives | Date(s) Marriage(s) Ended |

List the names, ages, and current residence of any children

| Name - (Last) | (First) | (Middle Initial ) | Date of Birth | Residence |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Part 4.    Eligibility Standards**

1.    Fill in the necessary information:

I am a national of the foreign state of SIERRA LEONE, and I entered the United States on 07-27-86, and I have resided in the United States since that time.

2.    To be eligible for Temporary Protected Status, you must be admissible as an immigrant to the United States, with certain exceptions.  Do any of the following apply to you?

a.    have you been convicted of any felony or 2 or more misdemeanors committed in the United States;   *no*

b.    (i) have you ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group or political opinion;   *no*

(ii) have you been convicted by a final judgment of a particularly serious crime, constituting a danger to the community of the United States (an alien convicted of an aggravated felony is considered to have committed a particularly serious crime);

(iii) have you committed a serious nonpolitical crime outside of the United States prior to your arrival in the United States; or   *no*

(iv) have you engaged in or are you still engaged in activities that could be reasonable grounds for concluding that you are a danger to the security of the United States;   *no*

c.    (i) have you been convicted of, or have you committed acts which constitute the essential elements of a crime (other than a purely political offense) or a violation of or a conspiracy to violate any law relating to a controlled substance as defined in Section 102 of the Controlled Substance Act;

(ii) have you been convicted of 2 or more offenses (other than purely political offenses) for which the aggregate sentences to confinement actually imposed were 5 years or more;   *no*

(iii) have you trafficked in or do you continue to traffic in any controlled substance or are or have been a knowing assister, abettor, conspirator, or colluder with others in the illicit trafficking of any controlled substance;   *no*

(iv) have you engaged or do  you continue to engage solely, principally, or incidentally in any activity related to espionage or sabotage or violate any law involving the export of goods, technology, or sensitive information, any other unlawful activity, or any activity the purpose of which is in opposition, or the control, or overthrow of the government of the United States;   *no*

Form I-821 (Rev. 05/22/91)        ***Continued on next page***

84

**Part 4.    Eligibility Standards (con't)**

(v) have you engaged in or do you continue to engage in terrorist activities;

*no*

(vi) have you engaged in or do you continue to engage or plan to engage in activities in the United States that would have potentially serious adverse foreign policy consequences for the United States;

*no*

(vii) have you been or do you continue to be a member of the Communist or other totalitarian party, except when membership was involuntary; and

*no*

(viii) have you participated in Nazi persecution or genocide.

*no*

d.    have you been arrested, cited, charged, indicted, fined, or imprisoned for breaking or violating any law or ordinance, excluding traffic violations, or been the beneficiary of a pardon, amnesty, rehabilitation decree, other act of clemency or similar action;

*no*

e.    have you committed a serious criminal offense in the United States and asserted immunity from prosecution;

*no*

f.    have you within the past 10 years engaged in prostitution or procurement of prostitution or do you continue to engage in prostitution or procurement of prostitution;

*no*

g.    have you been or do you intend to be involved in any other commercial vice;

*no*

h.    have you been excluded and deported from the United States within the past year, or have you been deported or removed from the United States at government expense within the last 5 years (20 years if you have been convicted of an aggravated felony);

*no*

i    have you ever assisted any other person to enter the United States in violation of the law;

*no*

j    (i) do you have a communicable disease of public health significance,

*no*

(ii) do you have or have you had a physical or mental disorder and behavior (or a history of behavior that is likely to recur) associated with the disorder which has posed or may pose a threat to the property, safety or welfare of yourself or others;

*no*

(iii) are you now or have you been a drug abuser or drug addict;

*no*

k.    have you entered the United States as a stowaway;

*no*

l.    are you subject to a final order for violation of section 274C (producing and/or using false documentation to unlawfully satisfy a requirement of the Immigration and Nationality Act);

*no*

m.    do you practice polygamy;

*no*

n.    were you the guardian of, and did you accompany another alien who was ordered excluded and deported from the United States;

*no*

o.    have you detained, retained, or withheld the custody of a child, having a lawful claim to United States citizenship, outside the United States from a United States citizen granted custody.

*no*

If any of the above statements apply to you, indicate which one(s) by number reference on the line below (for example "2 k") and include a full explanation on a separate piece of paper. If you were ever arrested you should provide the disposition (outcome) of the arrest (for example, "case dismissed") from the appropriate authority.

**PLEASE NOTE: If you placed any of the following numbered references on the line above you may be eligible for a waiver of the grounds described in the statements: 2e; 2f; 2g; 2h; 2i; 2j; 2k; 2l; 2m; 2n; 2o. Form I-601 or I-724 are the Service forms used to request a waiver. These forms are available at INS offices.**

Form I-821 (Rev. 05/22/91)        *Continued on back*

Your Certification: I certify, under penalty of ~~p~~ y under the laws of the United States of America ~~~~ the foregoing is true and correct. Copies of documents submitted are exact photocopies of unaltered original documents and I understand that I may be required to submit original documents to the INS at a later date. Furthermore, I authorize the release of any information from my records which the Immigration and Naturalization Service needs to determine eligibility for the benefit that I am seeking.

Signature: _~~Ensocep~~_ Date: 2/4/2000 Telephone No.: 323-766-9491

Signature of Person Preparing Form if other than above:

I declare that I prepared this document at the request of the person above and that it is based on all information of which I have any knowledge.

Print Name: ~~XXXXXXX XXXXXX~~ Signature: ~~XXXXXXX~~ Date: _____

Address: _____

---

## Part 6. Checklist

✓ Have you answered each question?
✓ Have you signed the application?

### Have you enclosed:

✓ The filing fee for this application or a written request for a waiver of the filing fee (see instructions, item 12)?

✓ Supporting evidence to prove identity, nationality, date of entry and residence?

✓ Other required supporting documents (fingerprint charts, pictures etc.) for each application?

**IT IS NOT POSSIBLE TO COVER ALL THE CONDITIONS FOR ELIGIBILITY OR TO GIVE INSTRUCTIONS FOR EVERY SITUATION. IF YOU HAVE CAREFULLY READ ALL THE INSTRUCTIONS AND STILL HAVE QUESTIONS, PLEASE CONTACT YOUR NEAREST INS OFFICE. IT IS RECOMMENDED THAT YOU KEEP A COMPLETE COPY OF THIS APPLICATION FOR YOUR RECORDS.**

Form I-821 (Rev. 05/22/91)

**U. S. Department of Justice**
Immigration and Naturalization Service

OMB # 1115-0163
**Application for Employment Authorization**

| Do Not Write In This Block | Please Complete Both Sides of Form |
|---|---|

Remarks

Action Stamp

APPROVED
JAN 2 2 2000

Fee Stamp

Please fee in Remarks Feb 4/00 00#03983 LO5-NC
100³ I-765 $100.00

A# ~ ~ ~ ~ 688

Applicant is filing under 274a.12 _____

☐ Application Approved. Employment Authorized / Extended (Circle One)    2/22/00 (Date).
until    11/02/00 (Date).

Subject to the following conditions: _____
☐ Application Denied.
   ☐ Failed to establish eligibility under 8 CFR 274a.12 (a) or (c).
   ☐ Failed to establish economic necessity as required in 8 CFR 274a.12(c) (13) (14) (18) and 8 CFR 214.2(f)

I am applying for:
  ☑ Permission to accept employment
  ☐ Replacement (of lost employment authorization document).
  ☐ Extension of my permission to accept employment (attach previous employment authorization document).

1. Name (Family Name in CAPS)    (First)    (Middle)
BESAY    IDRISSA

2. Other Names Used (Include Maiden Name)

3. Address in the United States (Number and Street)    (Apt. Number)
2917 SOUTH NORMANDIE AVE
(Town or City)    (State/Country)    (ZIP Code)
LOS ANGELES    CA    90007

4. Country of Citizenship/Nationality
SIERRA LEONE / FREE TOWN

5. Place of Birth (Town or City) (State/Province)    (Country)
FREE TOWN    SIERRA LEONE

6. Date of Birth (Month/Day/Year)    7. Sex
11-02-65    ☒ Male ☐ Female

8. Marital Status    ☐ Married    ☒ Single
    ☐ Widowed    ☐ Divorced

9. Social Security Number (Include all Numbers you have ever used)

10. Alien Registration Number (A-Number) or I-94 Number (if any)
A 77062688

11. Have you ever before applied for employment authorization from INS?
☐ Yes (if yes, complete below)    ☒ No
Which INS Office?    Date(s)

Results (Granted or Denied - attach all documentation)

12. Date of Last Entry into the U.S. (Month/Day/Year)
07-27-1986

13. Place of Last Entry into the U.S.
NEW YORK

14. Manner of Last Entry (Visitor, Student, etc.)
VISITOR

15. Current Immigration Status (Visitor, Student, etc.)
VISITOR    D-2

16. Go to the Eligibility Section on the reverse of this form and check the box which applies to you. In the space below, place the letter and number of the box you selected from the reverse side:

Eligibility under 8 CFR 274a.12

( A ) ( 12 ) (    )

### Complete the reverse of this form before signature.

**Your Certification:** I certify, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Furthermore, I authorize the release of any information which the Immigration and Naturalization Service needs to determine eligibility for the benefit I am seeking. I have read the reverse of this form and have checked the appropriate block, which is identified in item #16, above.

Signature    Telephone Number    Date
_Besay_    323-766-9491    2/4/2000

**Signature of Person Preparing Form if Other Than Above:** I declare that this document was prepared by me at the request of the applicant and is based on all information of which I have any knowledge.

Print Name    Address    Signature    Date

| Initial Receipt | Resubmitted | Relocated | | Completed | | |
|---|---|---|---|---|---|---|
| | | Rec'd | Sent | Approved | Denied | Returned |
| | | | | | | |

(11)
10





This passport contains 32 pages.
Ce passeport contient 32 pages.

# PASSPORT
# PASSEPORT
# REPUBLIC OF
# SIERRA LEONE

These are to request and require in the name of
the President of the Republic of Sierra Leone all
those whom it may concern to allow the bearer to
pass freely without let or hindrance and to afford
him or her every assistance and protection of
which he or she may stand in need.

No. of PASSPORT
No. du PASSEPORT } O 201993

12 8

SPECIMEN

32

## NOTES

1. Sierra Leone passports are issued and renewed by the competent authorities in Sierra Leone and by the Diplomatic Missions and Consulates of Sierra Leone abroad to which application should be made. Passports should not be sent from one country to another by post.

2. They are available for five years in the first instance unless otherwise stated, and may be renewed for a further consecutive period of five years from the date of expiry provided the total period of validity of ten years from the original date is not exceeded. The fee for renewal is Le. 4.00. Passports are not valid beyond ten years from the original date of issue. If at any time the passport contains no further space for visas, a new Passport must be obtained.

3. They are only available for travel to the countries named on page 3, but may be endorsed for additional countries. The possession of a passport so endorsed does not exempt the holder from compliance with any immigration regulations in force in the territories named or from the necessity of obtaining a visa or permit where required. Passports endorsed as valid for the British Commonwealth are also available for travelling to territory under British protection or trusteeship.

## REGISTRATION AT CONSULATES ABROAD

Sierra Leone citizens who are resident abroad should at the earliest opportunity register their names and addresses at the nearest Diplomatic Mission or Consulate of Sierra Leone. Failure to do so may in a period of emergency result in difficulty or delay in according them the assistance and protection to which they are entitled. Changes of address or departure from the country should also be notified to the Mission or Consulate.

## CAUTION

*This passport remains the property of the Government of Sierra Leone and may be withdrawn at any time*

*It is a valuable document and should not be altered in any way or allowed o pass into the possession of an unauthorised person. If lost or destroyed, he fact and circumstances should be immediately reported to the Passport Office, Freetown, or the Sierra Leone Mission or Consulate and to the local olice. New passports can only be issued in such cases, after exhaustive nquiries.*



GOVERNMENT OF SIERRA LEONE

ORIGINAL

C N⁰ 41821

13/q

### DESCRIPTION—SIGNALEMENT

**Bearer—Titulaire**

Profession
Profession } *STUDENT*

Residence
Residence } *USA*

Height
Taille } *5* ft *7* in.

Colour of eyes
Couleur des yeux } *D/BROWN*

Colour of hair
Couleur des cheveux } *BLACK*

Special peculiarities
Signes particuliers } ——

### CHILDREN—ENFANTS

| Name—Nom | Date of birth—Date de naissance | Sex–Sexe |
|----------|--------------------------------|----------|
|          |                                |          |

Usual Signature
of Bearer
Signature
de Titulaire } *Gesay*

---

**3**

### COUNTRIES FOR WHICH THIS PASSPORT IS VALID
*PAYS POUR LESQUELS CE PASSEPORT EST VALABLE*

Valid for travel to all Countries of
the world unless otherwise endorsed
and Subject to any visa or other
entry regulations of countries to be
visited

The validity of this passport expires:
Ce passeport expire le:

*26.        8.        99*

unless renewed.
à moins de renouvellement.

**CITIZEN OF THE REPUBLIC OF
SIERRA LEONE AND THE
COMMONWEALTH**

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM
[Not to be used for multiple count convictions or for 1/3 consecutive sentences]

CR-290.1

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: **LOS ANGELES, WEST DISTRICT, COURT ID#190011**

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA vs.<br>DEFENDANT: **SESAY, IDRISA MOHAMMED**<br>AKA: **IDRISSA SESAY CISSE; SESSAY IDRISSA**<br>CII#: **A10147396**<br>BOOKING #: **8328403** | DOB: **11-02-65**  CASE NUMBER<br>**SA044883-01**<br><br>☐ NOT PRESENT |

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT     ☐ AMENDED ABSTRACT

| DATE OF HEARING<br>**11-19-04** | DEPT. NO.<br>**DIV. 001** | JUDGE<br>**LAWRENCE J. MIRA** |
|---|---|---|
| CLERK<br>**R. WILLIAMS** | REPORTER<br>**A. R. HOGAN** | PROBATION NO. OR PROBATION OFFICER<br>**X-1855398** |
| COUNSEL FOR PEOPLE<br>**E. L. JABBER, DDA** | | COUNSEL FOR DEFENDANT<br>**S. R. KAHN, PVT**     ☐ APPTD. |

1.  Defendant was convicted of the commission of the following felony:

| CNT. | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO/DATE/YEAR) | CONVICTED BY JURY | CONVICTED BY COURT | CONVICTED BY PLEA | TERM (L.M.U.) | TIME IMPOSED YRS. | TIME IMPOSED MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | PC | 243.4(A) | SEXUAL BATTERY BY RESTRAINT | 2001 | 10-26-04 | | X | | U | 4 | |

2.  ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed.  DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

3.  ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed.  DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

4.  ☐ Defendant was sentenced pursuant to PC 667 (b)-(i) or PC 1170.12 (two-strikes).

5.  FINANCIAL OBLIGATIONS (including any applicable penalty assessments):

Restitution Fine(s): $**800.00** per PC 1202.4(b) forthwith per PC 2085.5;  $**800.00** per PC 1202.45 suspended unless parole is revoked.

Restitution per PC 1202.4(f): ☐ $_____ / ☒ Amount to be determined  to ☒ victim(s)*     ☐ Restitution Fund
     (*List victim name(s) if known and amount breakdown in item 7 below.)

Fine(s): $_____ per PC 1202.5. $_____ per VC 23550 or _____ days  ☐ county jail  ☐ prison in lieu of fine  ☐ CC  ☐ CS

Lab Fee: $_____ per HS 11372.5(a) for counts _____ .  ☐ Drug Program Fee of $150 per HS 11372.7(a).

6.  TESTING:  a. ☒ AIDS pursuant to PC 1202.1     b. ☒ DNA pursuant to PC 296     c. ☐ other (specify):

7.  Other orders (specify): PAY A COURT SECURITY CHARGE OF $20.00 PER 1465.8(A)(1) PC. REGISTER AS A SEX OFFENDER UPON RELEASE FROM CUSTODY. THE DEFENDANT IS TO MAKE RESTITUTION TO THE VICTIM, NICOLE S., IN AN AMOUNT THAT IS TO BE DETERMINED BY THE OFFICE OF REVENUE REIMBURSEMENT PER 1202.45 PC. THE DEFENDANT IS TO HAVE NO CONTACT WITH THE VICTIM IN THIS CASE.

8.  TOTAL TIME IMPOSED EXCLUDING COUNTY JAIL TERM:     **4**

9.  ☐ This sentence is to run concurrent with (specify):
10. Execution of sentence imposed
    a. ☒ at initial sentencing hearing.
    b. ☐ at resentencing per decision on appeal.
    c. ☐ after revocation of probation.
    d. ☐ at resentencing per recall of commitment. (PC 1170(d).)
    e. ☐ other (specify):

| DATE SENTENCE PRONOUNCED<br>**11-19-04** | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS: INCLUDING: **71** | ACTUAL LOCAL TIME **47** | LOCAL CONDUCT CREDITS **24** | ☒ 4019<br>☐ 2933.1 | TIME SERVED IN STATE INSTITUTION: | DMH | CDC | CRC |
|---|---|---|---|---|---|---|---|---|---|

12. The defendant is remanded to the custody of the sheriff ☒ forthwith  ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
    To be delivered to  ☒ the reception center designated by the director of the California Department of Corrections.
                       ☐ other (specify):

CLERK OF THE COURT: I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE<br>**M. BOOKER** | DATE<br>**12-07-04** |
|---|---|

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be incorporated by reference.

Form Adopted for Mandatory Use
Judicial Council of California
CR –290.1 (Rev. January 1, 2003)

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM

Penal Code,
§§ 1170,1213, 1213.5

15

**FILED**
LOS ANGELES SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

### PROBATION OFFICER'S REPORT

NOV 19 2004

JOHN A. CLARKE, CLERK

R. D. Williams

BY R.J. WILLIAMS, DEPUTY

THE PEOPLE OF THE STATE OF CALIFORNIA

Plaintiff

vs

IDSRISA MOHAMMED SESAY          Defendant

| COURT -DEPT/DIV | JUDGE | COURT CASE NO./DEF. ID |
|---|---|---|
| | | REPORT SEQUENCE NO. 1 |
| MAL-1 | MIRA | SA044883 01 |

| HEARING DATE | DEFENSE ATTY. | PROSECUTOR |
|---|---|---|
| 9-4-03 | KAHN | HILLMAN |

| DPO | AREA OFFICE | PHONE NO. |
|---|---|---|
| BERKOWITZ, PERRY | SANTA MONICA | (310) 260-3571 |

| ADDRESS (PRESENT) |
|---|
| 181 CEDAR POINT LANE, APARTMENT 8 SOUTH PITTSBURG, TN 37380 |

| BIRTHDATE | GENDER | RACE |
|---|---|---|
| 11-2-65 (37) | MALE | BLACK |

| CITIZENSHIP STATUS | DRIVER'S LICENSE/EXP. DATE |
|---|---|
| USA CITIZEN | D1357131/EXP 11-2-03 |

| PROBATION NO. | CII NO. | MAIN NO. |
|---|---|---|
| X-1855398 | A10147396 | NONE FOUND |

| ESTIMATED DAYS IN JAIL THIS CASE | CUSTODY STATUS/RELEASE DATE |
|---|---|
| 3 | RELEASED BAIL 4-13-03 |

| BOOKING NO. |
|---|
| NONE FOUND |

TYPE REPORT

**Probation and Sentence**

| | |
|---|---|
| X | Pre-Conviction (131.3 CCP) |
| | Deferred Entry of Judgment |
| | Post Sentence |
| | Diversion (Specify) |

## PRESENT OFFENSE: LEGAL HISTORY

**CHARGED with the crimes of** (INCLUDE PRIORS, ENHANCEMENTS OR SPECIAL CIRCUMSTANCES)

COUNT 1: 243.4(A) PENAL CODE (SEXUAL BATTERY BY RESTRAINT)
COUNT 2: 243.4(D)(1) PENAL CODE (MISDEMEANOR SEXUAL BATTERY)

**CONVICTED of the crimes of** (INCLUDE PRIORS, ENHANCEMENTS OR SPECIAL CIRCUMSTANCES)

NOT APPLICABLE PRE-PLEA

| CONVICTED BY | DATE OF REFERRAL | COUNT(S) CONTINUED TO P & S FOR DISPOSITION |
|---|---|---|
| NOT APPLICABLE | 7-31-03 | NONE |

| PROPOSED PLEA AGREEMENT | SOURCES OF INFORMATION |
|---|---|
| UNKNOWN | |

| DATE(S) OF OFFENSE | TIME(S) |
|---|---|
| 4-18-01/11-1 THRU 11-5-01 | VARIED |

**DEFENDANT:** (SEE PRIOR RECORD SECTION)

☒ N/A  ☐ SENTENCED TO STATE PRISON/COUNTY JAIL ON CASE
☐ ON PROBATION  ☐ PENDING PROBATION VIOLATION  ☐ PENDING NEW CASE
☐ ON PAROLE-REMAINING TIME _____

HOLD/WARRANTS
☐ YES ☒ NO

**RECOMMENDATION:**

☒ PROBATION  ☐ DENIAL  ☐ DIAGNOSTIC STUDY  ☐ CYA  ☐ OTHER
☐ COUNTY JAIL  ☐ 707.2 WIC
☐ STATE PRISON  ☐ 1203.03 PC

- 1 - (SESAY)

76P725B – Prob. 19SC (Rev. 8/01)

16 / 21

**PRESENT OFFENSE:**
**(CONTINUED)**

SOURCES OF INFORMATION (this page)
POLICE REPORT

| ARREST DATE | TIME | BOOKED AS | OFFENSE | LOCATION OF ARREST | ARRESTING AGENCY |
|---|---|---|---|---|---|
| 4-11-03 | UNK | SESAY, IDRISA | 243.4(A) PENAL CODE | UNKNOWN | LOS ANGELES COUNTY SHERIFF'S DEPARTMENT |

| CO-DEFENDANT(S) | COURT CASE NO. | DISPOSITION |
|---|---|---|
| NONE | | |

**ELEMENTS AND RELEVANT CIRCUMSTANCES OF THE OFFENSE:**

ON APRIL 11, 2003, THE DEFENDANT WAS TAKEN INTO CUSTODY BY THE LOS ANGELES COUNTY SHERIFF'S DUE TO A WARRANT WHICH HAD BEEN ORDERED ON APRIL 9, 1992, INDICATING THAT THE DEFENDANT WAS WANTED FOR SEXUAL BATTERY BY RESTRAINT.

ON NOVEMBER 4, 2001, AN OFFICER OF THE LOS ANGELES COUNTY SHERIFF'S RESPONDED TO A GROUP HOME LOCATED AT TRIUNFO CANYON ROAD IN AGOURA. THE REASON FOR THE OFFICERS RESPONDING TO THE LOCATION WAS THAT THERE WAS A REPORT OF A SEXUAL BATTERY BEING DONE ON VICTIM NICOLE S.

UPON ARRIVING AT THE FACILITY THE OFFICER CONTACTED THE REPORTING INDIVIDUAL, A PERSON BY THE NAME OF DEBRA BLAZER. MS. BLAZER INDICATED THAT THE VICTIM WAS LIVING AT THE FACILITY AND ALTHOUGH SHE IS A 26-YEAR-OLD FEMALE, SHE HAS THE MENTAL CAPACITY OF A 13-YEAR-OLD. THE VICTIM CAME TO THE REPORTING INDIVIDUAL AND ASKED IF SHE COULD SPEAK TO HER. SHE THEN MIMICKED TO MS. BLAZER BY PULLING HER PANTS DOWN TO HER KNEES. SHE THEN MIMICKED PUTTING HER

76P725B – Prob. 19SC (Rev. 8/01)

1     HANDS ON HER BREASTS. SHE THEN PROCEEDED TO GET ON TOP OF HER BED, LAID DOWN ON

2     HER BACK WITHOUT HER PANTS AND WITH ONE OF HER SHOES OFF.

3            THE VICTIM THEN INDICATED THAT, "HE IS ON TOP OF ME AND I CAN'T

4     BREATHE." SHE ALSO STATED THAT HE SMELLED BAD. WHEN ASKED WHO DID THIS SHE

5     INDICATED ON SEVERAL OCCASIONS THAT THE DEFENDANT WAS THE PERPETRATOR. SHE

6     FURTHER REPORTED THAT THE DEFENDANT PULLED HIS ZIPPER DOWN AND LAID ON TOP OF

7     HER ON HER BED IN THE DORM. SHE DID INDICATE THAT THE DEFENDANT HAD NOT

8     PENETRATED HER.

9            THE VICTIM STATED THAT THE DEFENDANT HAD DONE THIS ON SEVERAL

10    OCCASIONS. IT APPEARS HE HAD INITIALLY TOUCHED THE VICTIM IN A SEXUAL MANNER SOME

11    TIME IN APRIL 2001. THE POLICE REPORT DOES NOT DELINEATE THE EXACT EVENTS LEADING TO

12    THE DEFENDANT'S ARREST. HOWEVER, THE DEFENDANT WAS FINALLY ARRESTED ON

13    APRIL 11, 2003, FOR THE INDICATED CHARGES. IT APPEARS AT THAT TIME HE SPENT

14    APPROXIMATELY THREE DAYS IN CUSTODY AND WAS THEN RELEASED ON BAIL.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VICTIM:**

| | |
|---|---|
| **NAME** NICOLE S. | **COUNT(S)** COUNT 1 AND 2 |

SOURCES OF INFORMATION (this page)
POLICE REPORT

INJURY, PROPERTY LOSS (TYPE / COST / ETC.)
NONE NOTED

INSURANCE COVERAGE:  UNKNOWN

| LOSS: ☐ YES ☒ NO | ESTIMATED LOSS NONE | RESTITUTION ALREADY MADE NONE | APPLIED FOR VICTIM RESTITUTION FUND ☐ UNK  ☐ YES  ☒ NO |
|---|---|---|---|

**VICTIM STATEMENT:**

THE VICTIM IS A DEVELOPMENTALLY DISABLED ADULT.    HOWEVER, PROBATION OFFICER SPOKE TO SOMEONE AT THE VILLA ESPERANZA SERVICES. THE DEFENDANT IS CURRENTLY IN ONE OF THEIR FACILITIES. THIS PERSON WHOSE NAME IS VICKY INDICATED THAT THE VICTIM WAS NOT SERIOUSLY INJURED.    HOWEVER, THE VICTIM DOES REMEMBER THE INCIDENT AND IS SOMEWHAT TRAUMATIZED BY IT. A LETTER HAS BEEN SENT TO THE FACILITY TO DETERMINE THE EXTENT OF LOSS TO THE VICTIM AND INFORM THE VICTIM AND HER COUNSELOR OF THE NEXT COURT DATE FOR THE DEFENDANT.

| **RESTITUTION** | TOTAL NUMBER OF VICTIMS ONE | ESTIMATED LOSS TO ALL VICTIMS NOTHING | VICTIM(S) NOTIFIED OF P&S HEARING ☒ YES  ☐ NO |
|---|---|---|---|
| DOES DEFENDANT HAVE INSURANCE TO COVER RESTITUTION: ☐ YES ☒ NO | | INSURANCE COMPANY NAME/ADDRESS/TELEPHONE NO. | |

☐ **VICTIM LIST CONTINUES NEXT PAGE**

- 4 -  (SESAY)

76P725B – Prob. 19SC (Rev. 8/01)

19
24

**PRIOR RECORD:**

SOURCES OF INFORMATION (this page)
CLETS (6-25-03), CII RECORDS, FBI RECORDS, DMV RECORDS.

**AKAs:**
CISSE, IDRISSA SESAY; IDRISSA, SESSAY; SESAY, IDRASA MOHAMMED.

THE COURT SHOULD FURTHER NOTE DEFENDANT HAS TWO DIFFERENT SOCIAL SECURITY NUMBERS. ONE OF THESE IS ███████ AND THE OTHER IS ███████. THE TWO SOCIAL SECURITY NUMBERS WERE DEFINITELY OBTAINED FROM TWO DIFFERENT PARTS OF THE COUNTRY. DEFENDANT ALSO HAS SEVERAL DIFFERENT BIRTH DATES LISTED. THESE ARE 11-2-65, AND 11-2-67.

**JUVENILE HISTORY:**

NONE FOUND.

**ADULT HISTORY:**

7-14-89          POLICE DEPARTMENT HYATTSVILLE, MARYLAND - CHARGE THEFT, NO DISPOSITION IS LISTED ON THIS MATTER.

1-21-99          LOS ANGELES POLICE DEPARTMENT - 148.5(A) PENAL CODE, CASE NUMBER 8CR30569, DEFENDANT WENT TO COURT 1-21-99 WAS CONVICTED OF 148.5(A) PENAL CODE AS A MISDEMEANOR, ORDERED TO SPEND 36 MONTHS ON PROBATION AND 30 DAYS IN JAIL.

3-20-03          POLICE DEPARTMENT NASHVILLE, TENNESSEE - CHARGE FUGITIVE FROM JUSTICE, NO DISPOSITION NOTED. THE DEFENDANT AT THIS TIME MAY BE STILL WANTED IN THE STATE OF TENNESSEE.



| | |
|---|---|
| 1 | **PERSONAL HISTORY:** |

| SOURCES OF INFORMATION (this page) |
|---|
| DEFENDANT |

**SUBSTANCE ABUSE:**

___X___  No record, indication, or admission of alcohol or controlled substance abuse.

_____  Occasional social or experimental use of _____ acknowledged.

_____  See Additional Information below:  Indication / admission of significant substance abuse problem.

**Additional Information**

**PHYSICAL / MENTAL / EMOTIONAL HEALTH:**

___X___  No indication or claim of significant physical / mental / emotional health problem.

_____  See Additional Information below:  Indication / claim of significant physical / mental / emotional health problem.

**Additional Information**

| PERSONAL HISTORY: (CONTINUED) | | SOURCES OF INFORMATION (this page) DEFENDANT | |
|---|---|---|---|

| RESIDENCE | TYPE RESIDENCE APARTMENT | LENGTH OF OCCUPANCY TWO YEARS | RENT $200 A MONTH | RESIDES WITH/RELATIONSHIP TWO ROOMMATES |
|---|---|---|---|---|
| RESIDENTIAL STABILITY LAST FIVE YEARS GOOD (TWO RESIDENCES) | | CAME TO STATE / FROM IN 1986 FROM SIERRA LEON | | CAME TO COUNTY / FROM AT THE SAME TIME |

**Additional Information**

DEFENDANT INITIALLY CAME TO THE UNITED STATES IN 1986 FROM SIERRA LEONE. INITIALLY HE RESIDED IN MARYLAND. HOWEVER, IN 1990 HE MOVED TO CALIFORNIA FROM MARYLAND. IN 2001 THE DEFENDANT LEFT CALIFORNIA, FOLLOWING THESE INCIDENTS AND MOVED TO TENNESSEE. HE CURRENTLY RESIDES IN TENNESSEE AND IS ATTENDING SCHOOL. HE STATES HE PLANS TO MOVE BACK TO CALIFORNIA SOME TIME IN THE YEAR 2004.

| MARRIAGE / PARENTHOOD | MARITAL STATUS SINGLE | NAME OF SPOUSE / PRESENT COHABITANTS |
|---|---|---|
| LENGTH OF UNION | NO. OF CHILDREN THIS UNION | SUPPORTED BY |
| NO. PRIOR MARRIAGES/COHABITATIONS ONE | NO. OF CHILDREN THESE UNIONS ONE | SUPPORTED BY CHILD'S MOTHER |
| NO. OF OTHER CHILDREN | SUPPORTED BY | |

**Additional Information**

DEFENDANT HAS NEVER BEEN MARRIED BUT DID RESIDE WITH MARIAMA KAMARA FROM 1991 TO 1996. THE RELATIONSHIP PRODUCED ONE CHILD NAMED SHECK WHO IS 11 YEARS OF AGE.

**FORMAL EDUCATION:**

DEFENDANT STATES THAT HE GRADUATED FROM HIGH POINT HIGH SCHOOL IN MARYLAND IN 1989. HE IS CURRENTLY ATTENDING CHATTANOOGA STATE COLLEGE AND WOULD LIKE TO LEARN TO BE A DIESEL MECHANIC.

**PERSONAL HISTORY:**
   **(CONTINUED)**

SOURCES OF INFORMATION (this page)
DEFENDANT

| EMPLOYMENT STATUS | ☒ EMPLOYED ☐ UNEMPLOYED | REFERRED TO WORK FURLOUGH ☐ YES ☒ NO | EMPLOYER AWARE OF PRESENT OFFENSE ☐ N/A ☒ YES ☐ NO |
|---|---|---|---|

| PRESENT EMPLOYER/ADDRESS/PHONE | OCCUPATION | PERIOD OF EMPLOYMENT | GROSS MONTHLY WAGE |
|---|---|---|---|
| CHATTANOOGA TRAILER EXPRESS IN TENNESSEE | MECHANIC | ONE YEAR | $1,040 |
| | EMPLOYMENT STABILITY LAST 5 YEARS FAIR | TYPE OF PREVIOUS EMPLOYMENT COUNSELOR | |

☐ VERIFIED ☐ UNVERIFIED

**Additional Information**

DEFENDANT STATES THAT PRIOR TO HIS CURRENT POSITION HE WAS IN A TRAINING PROGRAM. PRIOR TO THAT HE WORKED FROM 2000 TO 2001 AT THE VILLA ESPERANZA GROUP HOME. HE WORKED AS A COUNSELOR AND THE INCIDENTS BEING DEALT WITH TODAY OCCURRED AT THAT TIME.

| FINANCIAL STATUS | INCOME STABILITY FAIR | | NET MONTHLY INCOME $800 | |
|---|---|---|---|---|
| PRIMARY INCOME SOURCE EMPLOYMENT | SECONDARY INCOME SOURCE(S) NONE | | EST. TOTAL ASSETS $2,200 | EST. TOTAL LIABILITIES $200 A MONTH |

MAJOR ASSETS / ESTIMATED VALUE
DEFENDANT STATES HE OWNS A 1989 HONDA CIVIC VALUED AT $1,500 AND HAS ABOUT $700 IN THE BANK.

MAJOR LIABILITIES / ESTIMATED AMOUNT (MONTHLY)
DEFENDANT STATES THAT HE PAYS $200 A MONTH IN RENT.

**Additional Information**

| GANG ACTIVITY | ☐ YES ☒ NO ☐ UNK | Name of Gang: |
|---|---|---|

- 8 - (SESAY)

76P725B – Prob. 19SC (Rev. 8/01)



**MILITARY EXPERIENCE:**

NONE.

**DEFENDANT'S STATEMENT:**

BASED ON THE FACT THIS IS A PRE-PLEA REPORT, DEFENDANT HAS NOT BEEN INTERVIEWED CONCERNING THE INSTANT MATTER BEFORE THE COURT.

**INTERESTED PARTIES:**

AS OF DICTATION OF THIS REPORT, NO PERSONAL REFERENCE LETTERS HAVE BEEN SUBMITTED IN THIS DEFENDANT'S BEHALF. ANY LETTERS RECEIVED WILL BE ATTACHED TO THE COURT COPY.

PROBATION OFFICER SPOKE TO DETECTIVE VALENTINE OF THE LOS ANGELES COUNTY SHERIFFS. SHE INDICATED THAT THE DEFENDANT HAS BEEN ACCUSED OF THE SAME CHARGE IN THE PAST. CURRENTLY THEY ARE WORKING ON PUTTING TWO OF THE CASES TOGETHER. IN ADDITION, THE DEFENDANT IS BEING INVESTIGATED BY FEDERAL AUTHORITIES WHO WANT TO MAKE SURE THAT HE NO LONGER WORKS IN ANY TYPE OF FACILITIES FOR SPECIAL NEEDS ADULTS. THE DETECTIVE FEELS THAT THE DEFENDANT SHOULD BE SENT TO STATE PRISON. SHE DOES UNDERSTAND THAT BASED ON HIS LACK OF A PRIOR FELONY HISTORY, HE WILL IN ALL LIKELIHOOD RECEIVE A TERM ON PROBATION. SHE WOULD LIKE ANY TERM ON PROBATION TO INCLUDE A SUBSTANTIAL PERIOD OF TIME IN CUSTODY AND TO INDICATE THAT THE DEFENDANT IS NOT TO WORK AT ANY TYPE OF GROUP HOMES IN THE FUTURE. THE DETECTIVE ALSO STATED THAT THE DEFENDANT WAS A FUGITIVE OF JUSTICE FOR A PERIOD OF TIME IN THIS CASE. SHE IS AWARE THAT THE DEFENDANT KNEW THAT HE WAS BEING LOOKED FOR BUT CHOSE TO GO TO TENNESSEE TO AVOID ARREST.

**EVALUATION:**

THE DEFENDANT IN THIS CASE HAS A LIMITED PRIOR ARREST HISTORY. FROM INFORMATION FOUND IT APPEARS THE DEFENDANT HAS ONLY ONE PRIOR CONVICTION. HOWEVER, THE ACTIONS TAKEN BY THE DEFENDANT ARE OF EXTREME CONCERN. THE DEFENDANT OBVIOUSLY PREYS ON PEOPLE WHO ARE TOO WEAK TO DEFEND THEMSELVES. HE

1   THEN ATTEMPTS TO GRATIFY HIMSELF SEXUALLY WITH PERSONS WHO ARE NOT COMPETENT

2   TO CONSENT TO ANY TYPE OF ACTIONS.

3           ANOTHER STRONG AREA OF CONCERN IS THAT THE DEFENDANT, WHILE

4   BEING INVESTIGATED CHOSE TO LEAVE THE STATE AND GO TO TENNESSEE.  HAD THE

5   DEFENDANT HAD ANY APPRECIABLE FELONY CONVICTION HISTORY THE RECOMMENDATION

6   WOULD NO DOUBT HAVE BEEN FOR STATE PRISON.  IN THE ABSENCE OF A CRIMINAL HISTORY

7   HE IS DEEMED MARGINALLY SUITABLE AT THIS TIME FOR PROBATION.  ANY GRANT OF

8   PROBATION SHOULD INCLUDE AN EXTENDED PERIOD OF TIME IN CUSTODY.  IN ADDITION, THE

9   DEFENDANT SHOULD BE REQUIRED TO ATTEND SOME TYPE OF COUNSELING AIMED AT

10  REDUCING HIS SEXUAL DRIVE TOWARDS MENTALLY INCOMPETENT INDIVIDUALS.  SHOULD THE

11  DEFENDANT BECOME INVOLVED IN ANY TYPE OF SITUATION SUCH AS THIS IN THE FUTURE, THE

12  RECOMMENDATION WILL HAVE TO BE STATE PRISON.

13           **SENTENCING CONSIDERATIONS:**

14       THE DEFENDANT IS ELIGIBLE FOR PROBATION.

15       **CIRCUMSTANCES IN AGGRAVATION:**

16       1.   THE VICTIM WAS PARTICULARLY VULNERABLE.

17       2.   DEFENDANT TOOK ADVANTAGE OF A POSITION OF TRUST OR
             CONFIDENCE TO COMMIT THE OFFENSE.

18       **CIRCUMSTANCES IN MITIGATION:**

19       NONE.

20           THE CIRCUMSTANCES IN AGGRAVATION OUTWEIGH THE LACK OF

21  CIRCUMSTANCES IN MITIGATION AND SHOULD PRISON BE IMPOSED THE HIGH-BASE TERM IS

22  INDICATED.

23

24

25

26

27

28

- 10 - (SESAY)

76P725B – Prob. 19SC (Rev. 8/01)



**RECOMMENDATION:**

IT IS RECOMMENDED THAT PROCEEDINGS BE SUSPENDED; THAT PROBATION BE GRANTED FOR A PERIOD OF FIVE YEARS UNDER THE FOLLOWING TERMS AND CONDITIONS.

RESPECTFULLY SUBMITTED,

RICHARD SHUMSKY
CHIEF PROBATION OFFICER

BY: _____
PERRY BERKOWITZ , DEPUTY
SANTA MONICA AREA OFFICE
(310) 260-3571

READ AND APPROVED:

_____ (for Lopez)
JOSE JESUS LOPEZ, SDPO
(310) 260-3574

I HAVE READ AND CONSIDERED THE FOREGOING REPORT OF THE PROBATION OFFICER.

_____
JUDGE OF THE SUPERIOR COURT

SUBMITTED: 8-26-03
TYPED: 8-27-03
PB:RTBC  (6)

IF FORMAL PROBATION IS GRANTED IN THIS CASE, DEFENDANT HAS BEEN INSTRUCTED TO REPORT TO THE SANTA MONICA AREA OFFICE LOCATED AT 1725 MAIN STREET, SANTA MONICA, CALIFORNIA 90401; (310) 260-3525.

- 11 - (SESAY)

76P725B – Prob. 19SC (Rev. 8/01)

26
31

**U.S. Department of Justice**

Immigration and Naturalization Service

# Immigration Detainer - Notice of Action

|  |
|---|
| **Case No:** SNJ0710000009 |
| File No. **A077 062 688** |
| Date: **October 2, 2006** |

| To: (Name and title of institution) | From: (INS office address) |
|---|---|
| **CTF-SOLEDAD** **OR ANY SUBSEQUENT** **P.O. BOX 686** **LAW ENFORCEMENT** **HIGHWAY 101 NORTH** **AGENCY** **SOLEDAD, CA 93960** | **SAN JOSE, CA, SUB-OFFICE** **1887 MONTEREY ROAD** **SAN JOSE, CA 95112** |

Name of alien: **SESAY, Idrisa C.**

Date of birth: **11/02/1965**    Nationality: **SIERRA LEONE**    Sex: **M**

**You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution:**

☒ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on
_____
(Date)

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____.
(Date)

☐ Deportation or removal from the United States has been ordered.

## It is requested that you:

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work, and quarters assignments, or other treatment which he or she would otherwise receive.

☒ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS by calling **408 918 3946** during business hours or **415 760 7467** after hours in an emergency.

☒ Please complete and sign the bottom block of the duplicate of this form and return it to this office. ☐ A self-addressed stamped envelope is enclosed for your convenience. ☒ Please return a signed copy via facsimile to **408-918-3946**.
(Area code and facsimile number)

Return fax to the attention of **REMELY DELA PAZ**, at **408-918-3914**.
(Name of INS officer handling case)          (Area code and phone number)

☒ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

☒ Notify this office in the event of the inmate's death or transfer to another institution.

☐ Please cancel the detainer previously placed by this Service on _____.

| **REMELY DELA PAZ** _R. dela PAz_ | **IMMIGRATION ENFORCEMENT AGENT** |
|---|---|
| (Signature of INS official) | (Title of INS official) |

**Receipt acknowledged:**

Date of latest conviction: _____ Latest conviction charge: _____

Estimated release date: _____

Signature and title of official: _____

Form I-247 (Rev. 4-1-97)N

27

**U.S. Department of Justice**

Immigration and Naturalization Service

# Record of Deportable/Inadmissible Alien

| Family Name (CAPS)          First          Middle | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|
| SESAY, Idrisa C. | M | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | | Height | Weight | Occupation |
|---|---|---|---|---|---|
| SIERRA LEONE | 0201993 | Case No: SNJ0710000009  File Number  A077 062 688 | 64 | 145 | UNEMPLOYED |

| U.S. Address | Scars and Marks |
|---|---|
| IN ICE CUSTODY | See Narrative |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F.B.I. Number | ☐ Single |
|---|---|---|---|
| 07/27/1986, Unknown Time, NYC, B2 | | 721781KA2 | ☐ Divorced ☒ Married  ☐ Widower ☐ Separated |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| SIERRA LEONE | CST 520.3 |

| Date of Birth | Date of Action | Location Code | At/Near  Soledad (CTF), California | Date/Hour |
|---|---|---|---|---|
| 11/02/1965      Age: 40 | 10/19/2006 | SFR/SNJ | | 10/02/2006  0000 |

| City, Province (State) and Country of Birth | AR ☒ | Form: (Type and No.) | Lifted ☐ | Not Lifted ☐ | By |
|---|---|---|---|---|---|
| FREE TOWN, FREE TOWN, SIERRA LEONE | | | | | REMELY DELA PAZ |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | Visitor | IN INSTITUTION |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. |
|---|---|---|
| | | OVER 1 YEAR |

| Immigration Record | Criminal Record |
|---|---|
| POSITIVE - See Narrative | See narrative |

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) Nationality: UNITED STATES  SESAY, Tina  818 CEDAR POINT LANE  SOUTH PITTSBURGH, TENNESSEE 37380 | Number and Nationality of Minor Children  CLAIMS 1 USC |
|---|---|

| Father's Name, Nationality, and Address, if Known  , Unknown | Mother's Present and Maiden Names, Nationality, and Address, if Known  , Unknown |
|---|---|

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? Yes ☒ No ☐ | INS Systems Checks  See Narrative | Charge Code Word(s)  See Narrative |
|---|---|---|---|

| Name and Address of (Last)/(Current) U.S. Employer | Type of Employment | Salary  Hr. | Employed from/to |
|---|---|---|---|

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)


**OTHER ALIASES KNOWN BY**
**MILTIPLE AKAs per NCIC, AKA DOB: ▮▮▮▮▮ 5 ALT SS# ▮▮▮▮▮▮**


**SCARS, MARKS AND TATTOOS**
**None Indicated**


**INS SYSTEMS CHECKS**
**Central Index System Positive**
**Computer Linked Application Information Management System Negative**
**National Crime Information Center Positive**
**Treasury Enforcement Communications System Negative**


**CHARGE CODE WORD(S)**
**R1B**
**R2A3**


**Narrative Title: Record of Deportable/Excludable Alien**
**Narrative Created by PICAZO**


**SID-CII# A10147396      CDC# V-61620**

|  | DAVID PICAZO  Immigration Enforcement Agent |
|---|---|
| Alien has been advised of communication privileges. _____(Date/Initials) | (Signature and Title of INS Official) |

| Distribution: | Received: (Subject and Documents) (Report of Interview) |
|---|---|
| | Officer: **DAVID PICAZO** |
| | on: **October 19,** **2006** at **1545** (time) |
| | Disposition: **Warrant of Arrest/Notice to Appear** |
| | Examining Officer: **DARIN MASTERTON** |

Form I-213(Rev.4/1/97)Y

| Alien's Name | File Number<br>Case No: SNJ0710000009 | Date |
|---|---|---|
| SESAY, Idrisa C. | A077 062 688 | 10/19/2006 |

SUBJECT came to the attention of Immigration and Customs Enforcement, San Jose, California, pursuant to his incarceration at the California Department of Corrections, Correctional Training Facility (CTF), Soledad, California.

SUBJECT was contacted at CTF by Immigration Enforcement Agent R. De La Paz on 08/16/2006. Subject claimed to Agent De La Paz to a be a citizen of the U.S. Virgin Islands who last entered the Continental United States at an unknown location and date in 1982.

On August 06, 2003, the Subject was convicted in the Superior Court of California, County of Los Angeles, for violation of Penal Code Section 243.4(A) SEXUAL BATTERY BY RESTAINT, a felony, and sentenced to four (4) year in state prison.

Record checks by Agent De La Paz revealed the SUBJECT is a native and citizen of Sierra Leone who entered the United States at New York POE on 07/26/86 as a non-immigrant B-2 Visitor. Agent De La Paz located no records of the Subject ever departing the United States within the six (6) month time frame required of his B-2 Visa, or any Visa extensions or applications in CIS CLAIMS or TECS queries.

Subject's A-File contains copies of the Subject's Sierra Leone Passport, I-Form 821 Application for Temporary Protective Status (TPS) and I-Form 765 Application for Employment Authorization (EAD) filed on 01/22/2000 in Los Angeles, California. The A-File also contains a Notice of Rejection letter dated 04/17/2003 for the Subject's TPS and EAD applications for failure to pay required application fees.

On 10/19/2006, new queries were ran by this Agent and San Jose CIS Adjudications and the Subject does not appear to have any pending or valid applications or TPS status at this time. Per San Jose CIS, Sierra Leone is no longer a TPS eligible country.

Per TECS/NCIC, the Subject has an extensive criminal history beginning in 1989 in Maryland, Tennessee and California. Per Social Security record checks, the Subject has used two Social Security numbers (▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮). SS# ▮▮▮▮▮▮▮ is associated with this subject and two other subjects of Hispanic decent.

Per the California Appellate Court's website, there are no pending criminal court appeals for Los Angeles County Criminal Court case # SA044883-01 or any other cases under this subject's name.

Bond Recommendation: No Bond - Criminal Alien - AggFelon - Flight Risk

Processed with an NTA

| Signature | Title |
|---|---|
| DAVID PICAZO | Immigration Enforcement Agent |

U. S. Department of Justice

Immigration and Naturalization Service                                                    **Notice to Appear**

---

## In removal proceedings under section 240 of the Immigration and Nationality Act

# COPY

File No: ▮▮▮▮▮▮▮

**Case No:** SNJ0710000009

In the Matter of:

Respondent: **Idrisa C. SESAY AKA: MILTIPLE AKAs per NCIC, AKA DOB: ▮▮▮▮▮▮▮** _____ currently residing at:
**ALT SS# ▮▮▮▮▮▮▮**

**ICE CUSTODY**                          **DHS/ICE CUSTODY, SAN DIEGO, CA**                **(409)918-4037**

_____  (Number, street, city state and ZIP code)  _____ (Area code and phone number)

☐ 1. You are an arriving alien.

☐ 2. You are an alien present in the United States who has not been admitted or paroled.

☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

**See Continuation Page Made a Part Hereof**

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

**See Continuation Page Made a Part Hereof**

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2)  ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: *D8606* _____

_____
(Complete Address of Immigration Court, Including Room Number, if any)

on **a date to be set** at **a time to be set** to show why you should not be removed from the United States based on the
(Date)                    (Time)
charge(s) set forth above.

_____
*Curt P. Liu*
(Signature and Title of Issuing Officer)

Date: *11/24/06*

*San JOSE , CA*
(City and State)

**See reverse for important information**

Form I-862

30

## Notice to Respondent

**Warning: Any statement you make may be used against you in removal proceedings.**

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____
(Signature of Respondent)

Before: _____          Date: ___10·24-06_____
(Signature and Title of INS Officer)

### Certificate of Service

This Notice to Appear was served on the respondent by me on ___10·24·06___, in the following manner and in
(Date)

compliance with section 239(a)(1)(F) of the Act:

☒ in person          ☐ by certified mail, return receipt requested          ☐ by regular mail
☐ Attached is a credible fear worksheet.
☒ Attached is a list of organizations and attorneys which provide free legal services.
The alien was provided oral notice in the **English** _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____          _____
(Signature of Respondent if Personally Served)          TEA  (Signature and Title of Officer)

Form I-862 (Rev. 3/22/99)N

(31)

| Alien's Name | File Number | Date |
|---|---|---|
| **Idrisa C. SESAY** | **Case No: SNJ0710000009**  A077 062 688 | |

**The Service alleges that you:**

A 1) You are not a citizen or national of the United States;

Deny 2) You are a native of SIERRA LEONE and a citizen of SIERRA LEONE;
*Claims Sudan*

3) You were admitted to the United States at New York City, New York on July 26,
A    1986 as a nonimmigrant B2 Visitor, with authorization to remain in the United
States for a temporary period not to exceed January 26, 1987;

A 4) You remained in the United States beyond January 26, 1987 without authorization
from the Department of Homeland Security;

5) You were, on October 26, 2004, convicted in the Superior Court of California, in
Deny   and for the County of Los Angeles, for the crime of SEXUAL BATTERY BY RESTAINT,
a felony, in violation of California Penal Code Section 243.4 (A);

Deny 6) For this offense you were sentence to four (4) years in prison.

**On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:**

Section 237(a)(1)(B) of the Immigration and Nationality Act (Act), as amended,
in that after admission as a nonimmigrant under Section 101(a)(15) of the Act,
you have remained in the United States for a time longer than permitted, in
violation of this Act or any other law of the United States.

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as
amended, in that, at any time after admission, you have been convicted of an
aggravated felony as defined in Section 101(a)(43)(F) of the Act, a crime of
violence (as defined in section 16 of Title 18, United States Code, but not
including a purely political offense) for which the term of imprisonment ordered
is at least one year.

| Signature | Title |
|---|---|
| | SDDO |

3 of 3 Pages

**U.S. Department of Justice**

Immigration and Naturalization Service                                    **Warrant for Arrest of Alien**

**Case No:** SNJ0710000009

File No. ███ █ ███

Date: **October 19, 2006**

**To any officer of the Immigration and Naturalization Service delegated authority pursuant to section 287 of the Immigration and Nationality Act:**

From evidence submitted to me, it appears that:

**Idrisa C. SESAY AKA: MILTIPLE AKAs per NCIC, AKA DOB:** ███████ **ALT SS#** ████████

(Full name of alien)

an alien who entered the United States at or near **New York, NY** _____ on

(Port)

**July 27, 1986** _____ is within the country in violation of the immigration laws and is

(Date)

therefore liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act.

By virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I command you to take the above-named alien into custody for proceedings in accordance with the applicable provisions of the immigration laws and regulations.

_____

(Signature of authorized INS official)

**COURTNEY NORRIS** _____

(Print name of official)

**SDDO** _____

(Title)

---

**Certificate of Service**

Served by me at **SAN JOSE, CA** _____ on _10-24-06_ at _11:30 A.M._ .

I certify that following such service, the alien was advised concerning his or her right to counsel and was furnished a copy of this warrant.

_____

(Signature of officer serving warrant)

**IEA** _____

(Title of officer serving warrant)

Form I-200 (Rev. 4-1-97)N

(33)

**U.S. Department of Justice**
Immigration and Naturalization Service

# Notice of Custody Determination

Idrisa C. SESAY  AKA: MILTIPLE AKAs per NCIC, AKA DOB: 11/02/1965 ALT SS#
215███████

ICE CUSTODY
1887 MONTEREY RD
SAN JOSE, CA 95112

Case No: SNJ0710000009
File No: ████████
Date: 10/19/2006

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the immigration judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:

☒ detained in the custody of this Service.
☐ released under bond in the amount of $_____.
☐ released on your own recognizance.

☐ You may request a review of this determination by an immigration judge.
☐ You may not request a review of this determination by an immigration judge because the Immigration and Nationality Act prohibits your release from custody.

COURTNEY NORRIS _____
(Signature of authorized officer)

SDDO _____
(Title of authorized officer)

SAN JOSE, CA _____
(INS office location)

☒ I do  ☐ do not request a redetermination of this custody decision by an immigration judge.
☒ I acknowledge receipt of this notification.

_____
(Signature of respondent)

10-24-06
(Date)

## RESULT OF CUSTODY REDETERMINATION

On _____, custody status/conditions for release were reconsidered by:

☐ Immigration Judge    ☐ District Director    ☐ Board of Immigration Appeals

The results of the redetermination/reconsideration are:
☐ No change - Original determination upheld.        ☐ Release-Order of Recognizance
☐ Detain in custody of this Service.                ☐ Release-Personal Recognizance
☐ Bond amount reset to _____             ☐ Other: _____

_____
(Signature of officer)

Form I-286 (Rev. 4-1-97)N

34

IMMIGRATION COURT
446 ALTA ROAD
SAN DIEGO, CA  92158

In the Matter of

SESAY, IDRISA *a.k.a Makey Jabbar*
    Respondent

Case No.: A77-062-688

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on May 10, 2007.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[✓]  The respondent was ordered removed from the United States to SIERRA LEONE
     or in the alternative to .

[ ]  Respondent's application for voluntary departure was denied and
     respondent was ordered removed to SIERRA LEONE or in the
     alternative to .

[ ]  Respondent's application for voluntary departure was granted until
     upon posting a bond in the amount of $ _____
     with an alternate order of removal to SIERRA LEONE.

Respondent's application for:

[ ]  Asylum was ( )granted  ( )denied( )withdrawn.
[ ]  Withholding of removal was ( )granted ( )denied ( )withdrawn.
[ ]  A Waiver under Section _____ was ( )granted ( )denied ( )withdrawn.
[ ]  Cancellation of removal under section 240A(a) was ( )granted ( )denied
     ( )withdrawn.

Respondent's application for:

[ ]  Cancellation under section 240A(b)(1) was ( ) granted ( ) denied
     ( ) withdrawn. If granted, it is ordered that the respondent be issued
     all appropriate documents necessary to give effect to this order.

[ ]  Cancellation under section 240A(b) (2) was ( )granted ( )denied
     ( )withdrawn. If granted it is ordered that the respondent be issued
     all appropriated documents necessary to give effect to this order.

[ ]  Adjustment of Status under Section _____ was ( )granted ( )denied
     ( )withdrawn. If granted it is ordered that the respondent be issued
     all appropriated documents necessary to give effect to this order.

[✓]  Respondent's application of ( ) withholding of removal  (✓) deferral of
     removal under Article III of the Convention Against Torture was
     ( ) granted  (✓) denied ( ) withdrawn.

[ ]  Respondent's status was rescinded under section 246.
[ ]  Respondent is admitted to the United States as a _____ until _____.
[ ]  As a condition of admission, respondent is to post a $ _____ bond.
[ ]  Respondent knowingly filed a frivolous asylum application after proper
     notice.
[ ]  Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision.
[ ]  Proceedings were terminated.
[ ]  Other: _____.
     Date:  May 10, 2007

                                        ZSA ZSA DEPAOLO
                                        Immigration Judge

Appeal: Waived/Reserved    Appeal Due By:

35



*Office of the Field Director*

**U.S. Department of Homeland Security**
**Immigration and Customs Enforcement**

*446 Alta Road, Suite 5400*
*San Diego, CA 92158*

May 11, 2007

Consulate of Sierra Leone
1701 19th Street N.W.
Washington, D.C., 20009
(202) 939 9261-Office
(202) 483-1793-Fax

**Ref:  SESAY, IDRISA   AKA:  MIKEY JABBAR         A77 062 688**

Dear Consul General:

Please issue a travel document for the above reference individual, so that we may effect his deportation
to Sierra Leone.

For the above named individual, please find (2) photographs, Information for Travel Document or
Passport (Form I-217), copy of Republic of Sierra Leone Passport (Original passport not on file), Order
of Immigration Judge, Record of Deportable/Inadmissible Alien (Form I-213), Notice to Appear,
Abstract of Judgment, and a prepaid/self addressed returned DHL envelope.  Please call  (619) 710-
8334 to schedule a telephonic interview, or if we can be of assistance.  Our fax is (619) 710-8397.

Thank you for your prompt response to the above request.  Your cooperation and assistance in this
matter are greatly appreciated.

Sincerely yours,

Edwardo S. Ritualo
Deportation Assistant
Detention and Removal Operations

Enclosures

36

# POCR

**Name:** _SESAY_          **A-Number:** _77-062-688_

**Control Date:** _5/10/07_   (Final order date or last date in ICE custody)

## TD Application & "Warning For Failure to Depart and Instruction Sheet" (I-229a) served on: _~~6/4/07~~ 6/13/07_

\*\*\*(No later than 30 days post-control date (PCD)

**TD Follow-Up Dates:** _6/13/07_ , _6/25/07_ , _7/23/07_ , _10/10/2007_

**Date to HQ/TD Unit:** _6/25/07_   (No later than 60 days PCD)

**\*\*\*At the 60-day mark file needs to be forwarded to POCR officer for completion of the 90-day file review. \*\*At this time DACS comments should be updated indicating the likelihood of obtaining a TD & if removal appears to be imminent in the foreseeable future.**

**90-Day File Review Due:** _8/10/07_
**90-Day File Review Completed:** _8-12-07_
(If removal is imminent, POCR officer will return file to Rem. Office for TD follow-ups)

→ _per that Jolie Contrl presali has nt updated the file yet_
_she'll call week (9/5)_

**TD follow-ups:** _8/31_ , _9/6/07_ , _____

**180-Day File Review Due:** _11-6-07_

# PLEASE RETURN FILE TO POCR OFFICER NO LATER THAN: _10-6-07_

*ice of Detention and Removal Operations*
*..n Diego Field Office*

**U.S. Department of Homeland Security**
880 Front Street
San Diego, California 92101



U.S. Immigration
and Customs
Enforcement

SESAY, Idrisa
C/O Corrections Corporation of America (CCA)
Otay Detention Facility    D / N / 1 0 6
446 Alta Road, Suite #5400
San Diego, California 92158

A77 062 688   **AUG** ∙ **1 2007**

## Notice to Alien of File Custody Review

You are detained in the custody of U.S. Immigration and Customs Enforcement (ICE) and you are required to cooperate with ICE in effecting your removal from the United States. If ICE has not removed you from the United States within the removal period as set forth in INA 241(a) (normally 90-days of either: 1) your entering ICE custody with a final order of removal, deportation or exclusion, or 2) the date of any final order you receive while you are in ICE custody), ICE's Deciding Official will review your case for consideration of release on an Order of Supervision. Release, however, is dependent on your demonstrating to the satisfaction of the Attorney General that you **will not** pose a danger to the community and **will not** present a flight risk.

Your custody status will be reviewed on or about <u>August 8, 2007</u>. The Deciding Official may consider, but is not limited to considering the following:

1. Criminal convictions and criminal conduct;
2. Other criminal and immigration history;
3. Sentence(s) imposed and time actually served;
4. History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5. Probation history;
6. Disciplinary problems while incarcerated;
7. Evidence of rehabilitative effort or recidivism;
8. Equities in the United States;
9. Cooperation in obtaining your travel document.
10. Any available mental health reports.

You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b)(3). An attorney or other person may submit materials on your behalf. The deciding official will notify you of the decision in your case. Attached to this notice is a list of free or low cost legal representatives who may be able to provide assistance to you in preparing your case.

*Office of Detention and Removal Operations*
*San Diego Field Office*

**U.S. Department of Homeland Security**
880 Front Street
San Diego, California 92101



# U.S. Immigration
# and Customs
# Enforcement

SESAY, Idrisa                                        A77 062 688
C/O Corrections Corporation of America
Otay Detention Facility                      D/N/106/B
446 Alta Road, Suite #5400
San Diego, California 92158

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined
that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE)
at this time. This decision has been made based on a review of your file and/or your personal
interview and consideration of any information you submitted to ICE's reviewing officials.

*You are deemed to be a danger to the community based upon your 2004 conviction for "Sexual*
*Battery by Restraint". Immigration and Customs Enforcement (ICE) has requested and is currently*
*awaiting a travel document from the Consul General of Sierra Leone. ICE has documents to show*
*that you are a citizen and national of Sierra Leone and it is believed that a travel document will be*
*issued in the foreseeable future. Based on your past conviction and the likelihood of your removal*
*from the United States in the foreseeable future, ICE deems you to be a "danger to the community"*
*and a "flight risk" if released. It is therefore recommended that you remain in custody at this time.*

Based on the above, you are to remain in ICE custody pending your removal from the United States.
You are advised that you must demonstrate that you are making reasonable efforts to comply with
the order of removal, and that you are cooperating with ICE's efforts to remove you by taking
whatever actions ICE requests to effect your removal. You are also advised that any willful failure
or refusal on your part to make timely application in good faith for travel or other documents
necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the
issuance of a travel document, may subject you to criminal prosecution under 8 USC Section
1253(a).

If you have not been released or removed from the United States by November 6, 2007, jurisdiction
of the custody decision in your case will be transferred to the Headquarters Post Order Unit
(HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will make a final determination
regarding your custody.

_____                    _8/17/07_
Signature and Title of Deciding Official       Date

39

**Decision of Post Order C     ly Review – Detain**
SESAY, Idrisa                                                    A77 062 688
Page 2

## PROOF OF SERVICE

**(1)    Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I _Derrick D. Carter-Hollinger_ , _IEA_ ,
              Name of ICE Officer                              Title

certify that I served _Sesay Idrisa_ with a copy of
                                  Name of detainee

this document at _CCA / ODF_ on _8/27/07_ , at _2030_ .
                      Institution              Date              Time

(b)    I certify that I served the custodian _____ ,
                                                          Name of Official

_____ , at _____ , on
          Title                                Institution

_____ with a copy of this document.
          Date

# OR

**(2)    Service by certified mail, return receipt.  (Attach copy of receipt)**

I _____ , _____ , certify
          Name of ICE Officer                        Title

that I served _____ and the custodian _____ ,
              Name of detainee                        Name of Official

with a copy of this document by certified mail at _____ on _____ .
                                                      Institution        Date

( ) cc:  Attorney of Record or Designated Representative
( ) cc:  A-File

46

# POST ORDER CUSTODY REVIEW WORKSHEET

**Detainee Name:**     SESAY, Isidra

**AKA(s):**     **Mikey Jabbar**

**Date of Birth:**     11/02/1965      **A Number:**    77 062 688

**Place of Birth:**    Sierra Leone     **Nationality:**   Sierra Leone

**Date of Last Arrival:** 07/26/1986     **Place of Arrival:** New York, NY

**Status at Last Entry:** Nonimmigrant     **Last Date into ICE Custody:** 10/27/2006

**Entered ICE Custody from:**      ☒ **Local, State, or Federal Institution**
**Institution Name/Location: Correctional Training**
**Facility, Soledad, California**
**BOP/ Institution Numbers:**

                                         ☐ **Other:**

**(A) Deportation Case Officer:** John Thomas     **Review Date:** 08/12/2007
         **Contact Phone #:**     (619) 710-8370

**ICE Location Detained and DCO:** Otay Detention Facility in San Diego, California

## Deportation/Exclusion/Removal Proceedings

**List all Charges:**    ☒     Section 237 (a)(1)(B), (a)(2)(A)(iii)
                   ☐     Section 212 (a)
                   ☐     Section 241 (a)

☒ Under <u>Final Order</u> dated: <u>May 10, 2007</u> by ☒ IJ ☐ BIA ☐ Other:

☒ Appeal Waived/Appeal Time Elapsed

Habeas filed: ☐ Yes/ Date & Location filed      ☒ No

Stay Issued in Case: ☒ No ☐ Yes/Why and Who Issued

## Legal Representative / Attorney

**G-28 Filed:**    ☐ Yes   ☒ No

**Notification of Review Made:** ☒ No    ☐ Yes   **By:**

**Name of Representative / Attorney:**

**Mailing Address:**                           **Telephone Number:**

**Present during interview:**   ☐ Yes ☒ No

41

**Immigration History:** (F    ICE arrest[s]/parole/bond/custody in   .ation/adjustment/benefits granted (TPS, DED, withholding, etc.)

SESAY was admitted into the United States on July 26, 1986, at New York, NY as a nonimmigrant visitor with authorization to remain in the U.S. until January 26, 1987. On October 24, 2006, the Immigration and Customs Enforcement (ICE) served SESAY with a Notice to Appear charging him as removable from the United States under Sections 237(a)(1)(B), and 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA). On May 10, 2007, an Immigration Judge (IJ) ordered SESAY removed from the United States to Sierra Leone. Both parties waived appeal.

**NCIC Checks:**    ☒ Criminal History    ☐ No Record Found
(State and Federal)

**Criminal History:** (list convictions, sentence, date, court, and include a summary of other NCIC arrests, failures to appear, etc.)

10/26/04 – Sexual Battery by Restraint (Felony)- Sentence: 4-year incarceration.

01/21/99 – False Report Crime to Specifics PO's (Misdemeanor)– Sentence: 36-months probation and 30-days jail.

(DO NOT FORWARD A COPY OF THE NCIC PRINTOUT TO HQCDU)

42

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?**  ☐ Yes   ☒ No

    If Yes, List & Describe:

    Source:

**Disciplinary reports and incidents while in ICE Custody?**  ☐ Yes   ☒ No

    If Yes, List & Describe:

    Source:

## Specifics of Review

**Date of File Review**: 08/12/2007

**Date of Detainee Interview**: (optional)

**Location of Interview**:

**Reviewing/Interviewing Officer:** #1: John Thomas

                              #2:

**Interpreter Used:** (If subject was interviewed)  ☐ Yes   ☐ No
**Name:**
**Language/Dialect:**

**Discussion at interview/review:**

No interview conducted, only file review.

43

**Travel Document Status/L   .ory:**

List aliens attempts to get travel documents and status (to include any actions alien has taken to *prevent* removal, and date of service of I-229 (a) and Instruction Sheet to Detainee):

List ICE's attempts to obtain a travel document and status:

On May 11, 2007, the Removal Unit mailed a travel document request to the Consulate of Sierra Leone in Washington, D.C.

On June 13, 2007, the Consular Official for Sierra Leone conducted a telephonic interview of SESAY but without determining citizenship.

On June 25, 2007, SESAY claims he is from the Sudan, but the Consular Official doesn't believe him. A request from HQTDU was initiated.

On July 23, 2007, a voicemail was left with the Sierra Leone Embassy. No further response has been received.

44

**Does the detainee have a ,   :e to live in the United States?**    ☒ Yes    ☐ No

    Describe:    728 Frawley Road  (423) 892-1440
                    Apt. 1009
                    East Ridge, (Chattanooga) TN. 37412

**Is the detainee subject to any parole or probation requirements?**    ☒ Yes    ☐ No

    Describe:    E. Richmond
                    320 W. 4th St. Ste1000
                    Los Angeles, CA. 90013  (213) 576-6500

**Does the detainee have close family ties within the United States?**    ☒ Yes    ☐ No

    Describe:    Teena G. Case (common-law wife)    John K. Edwards (240) 304-8921
                    728 Frawley Road  (423) 892-1440    6735 New Hampshire
                    Apt. 1009                    Apt 304
                    East Ridge, (Chattanooga) TN. 37412    Takoma Park, Maryland 20912

**Does the detainee have community ties or non-governmental sponsors?**    ☒ Yes    ☐ No

    Describe:    Church of the Living God
                    2350 University Blvd
                    East Adelphi, Maryland 20783
                    Pastor Samuel Cole

**Does the detainee have any employment prospects?**    ☒ Yes    ☐ No

    Describe:    B.F.I. Waste Service LLC    Boiler Makers Local 656
                    1018 E. 38th St.           1011 Bachman St.
                    Chattanooga, TN. 37401    Chattanooga, TN. 37414 (423) 624-8113
                    (423) 867-4650

**What is the detainee's employment history?**

    Describe:    B.F.I. Waste Service LLC
                    700 Murfis Board Rd.
                    Nashville, TN. 37401 (Diesel /Hydraulic Technician

**What is the detainee's educational level?**

    Describe:    A.A. Degree from Chattanooga State community College

**Does the detainee have any vocational training?**    ☒ Yes    ☐ No

    Describe:    Diesel/Heavy Equipment System Mechanic
                    Boiler Repair Technician
                    Electrical Hydraulic System Technician

**Has the detainee submitted any evidence of rehabilitation, courses while in prison, etc?**

    Describe:

## Medical/Psychological Concerns

**Does the detainee have any medical or psychological issues:**    ☐ Yes    ☒ No

**Description (to include Date and Source):**

45

**Other documentary evidence for consideration in this review (include any documentation submitted by detainee):**

None provided.

## Special Circumstances Concerns

**Does the detainee appear to meet any of the criteria of 8 CFR 241.14 for continued detention?**

☒ **No**          ☐ **Yes (indicate below):**

☐ Aliens with a Highly Contagious Disease that is a Threat to Public Safety [8 CFR § 241.14(b)].

☐ Aliens Detained on Account of Serious Adverse Foreign Policy Consequences of Release [8 CFR § 241.14(c)].

☐ Aliens Detained on Account of Security or Terrorism Concerns [8 CFR § 241.14(d)].

☐ Detention of Aliens Determined to be Specially Dangerous [8 CFR § 241.14(f)]. Aliens who pose a threat to the public because they have committed a crime of violence, have a mental disorder and behavior associated with the disorder, and are likely to be violent in the future.

**All cases that may possibly meet any of these provisions must be coordinated with HQCDU per existing guidance.**

46

## Officer Comments/Analysis & Recommendation

SESAY is a 41-year-old male native and citizen of Sierra Leone who was admitted into the United States on July 26, 1986, at New York, NY as a nonimmigrant visitor with authorization to remain in the U.S. until January 26, 1987. On October 24, 2006, U.S. Immigration and Customs Enforcement (ICE) served SESAY with a Notice to Appear charging him as removable from the United States under Sections 237(a)(1)(B), and 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA). On May 10, 2007, an Immigration Judge (IJ) ordered him removed from the United States to Sierra Leone.

A review of SESAY's A-file reveals a conviction for "Sexual Battery by Restraint," for which he was sentenced to a 4-year prison term. This crime reportedly involved SESAY performing sexual acts on a developmentally disabled adult with the mental capacity of a thirteen year-old child. According to the Los Angeles County Sheriff's report, there may have been other instances where SESAY was accused of this type of behavior. Aside from this disturbing crime is the fact that SESAY chose to leave the state in which this investigation was being conducted, thus appearing to flee possible prosecution.

ICE Removal officers have requested assistance from HQTDU and are still awaiting response from the Consulate General of Sierra Leone on the issuance of a travel document. It appears that SESAY has possessed a valid Sierra Leone passport in the past, and the ICE Removal Unit will continue to make efforts to secure a travel document in this case.

Based on the nature of his past conviction, the propensity for future criminal misconduct, and the likelihood that he may abscond, SESAY is deemed to be a danger to the community, as well as a flight risk, if released. It is therefore recommended that SESAY remain in custody at this time.

| | |
|---|---|
| Reviewing Officer #1 <br> Name/Title: Kent D. Haroldsen - SDDO | Date: 08-13-07 <br> Signature: |
| Reviewing Officer #2 <br> Name/Title: Eddie C. Johnson - SDDO | Date: 08-13-07 <br> Signature: |
| Supervisory Reviewing Officer <br> Name/Title: John A. Garzon - AFOD | Date: 8/13/07 <br> Signature: |

## DECIDING OFFICIAL'S CUSTODY DETERMINATION

☐ RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☑ CONTINUE IN CUSTODY - RETAIN CUSTODY JURISDICTION

☐ CONTINUE IN CUSTODY - REFER TO HQCDU

Comments:

ICE Field Office:

Signature of Field Office Director: _____   Date: 8/17/07

Deciding Official Name:

(Rev. 1/19/05)                Page 7

47

U.. .epartment of Homeland Security
Detention and Removal Operations
880 Front Street Ste. 2242
San Diego, CA 92101



U.S. Immigration
and Customs
Enforcement

MEMORANDUM FOR:     Headquarters Post Order Detention Unit (HQPDU)

FROM:     John Thomas
          (A) Deportation Officer

DATE:     10/11/2007

SUBJECT:     Custody Jurisdiction Transfer to HQCDU for
             SESAY, Idrisa    A#77 062 688

On August 12, 2007, a 90-day Post Order Custody Review (POCR) was conducted for SESAY, Idrisa who is a citizen and national of Sierra Leone. A recommendation for continued detention was made and on August 17, 2007, the San Diego Field Office concurred with this recommendation.

As of this date it is believed that SESAY should remain in ICE custody for the following reasons:

On October 12, 2004, SESAY was convicted of "Sexual Battery by Restraint" and sentenced to 4-years incarceration. This crime reportedly involved SESAY performing sexual acts on a developmentally disabled woman with the mental capacity of a thirteen-year old. It is further reported that SESAY subsequently fled pending state investigation surrounding this crime. Immigration and Customs Enforcement (ICE) has requested and is currently awaiting a travel document from the Sierra Leone Consulate General; however, at this point ICE hasn't received any positive response from the Consulate General's office. Based on SESAY' past conviction, ICE deems him to be a "danger to the community" and a "flight risk" if released. It is therefore recommended that he remain in custody at this time.

If you have any questions regarding this assessment, please feel free to contact (A) Deportation Officer John Thomas at (619) 710-8370.

## Medical and Psychological Information

☒ The medical staff at the Otay Detention Facility was contacted: <u>On October 11, 2007, it was confirmed that SESAY has no psychological and/or medical problems.</u>

☒ The detainee is not taking prescription drugs ☐ The detainee is taking prescription drugs:

_M. Coronado A S D D O_

For  Kent D. Haroldsen, SDDO, Otay Detention Facility, San Diego, CA

_10/11/07_
Date

48



ice of Detention and Removal Operations
San Diego Field Office

**U.S. Department of Homeland Security**
880 Front Street
San Diego, California 92101

SESAY, Idrisa                                          A77 062 688
C/O Corrections Corporation of America
Otay Detention Facility
446 Alta Road, Suite #5400
San Diego, California 92158

## Notice of Failure to Comply Pursuant to 8 CFR 241.4(g)

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

On December 5, 2007, you were advised, via form I-229 (a) and Instruction Sheet to Detainee, of specific requirements to complete and were given 30 days to comply with your obligation to assist in obtaining a travel document. The burden to obtain a travel document for your removal does not solely rest with ICE. Pursuant to Section 241(a)(1)(C) of the Immigration and Nationality Act (INA), you are required to make timely and good faith efforts to obtain travel or other documents necessary for your removal from the United States. If you fail to make these efforts, Section 241(a)(1)(C) allows for the extension of the removal period. As you have failed to provide the Sierra Leone Consulate the information necessary for the issuance of a travel document, you have failed to comply with your obligation and are acting to prevent your removal from the United States. The removal period is therefore extended in your case.

As you are still within the removal period, you are to remain in ICE custody until you demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you.

You are also advised that continued willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

_____               12/7/7
Signature of HQPDU Director/Designated Representative        Date

49

Notice of Failure to Comply Pursuant to 8 CFR 241.4(g)
SESAY, Idrisa                    A77 062 688
Page 2

---

## PROOF OF SERVICE

**(1)    Personal Service (Officer to complete both (a) and (b) below.)**

    (a)    I ___Yadira Avalos___ , ___DO___ ,
                       Name of ICE Officer                          Title

certify that I served ___SESAY, Idrisa___ with a copy of
                               Name of detainee

this document at ___CCA___ on ___12/11/07___ at _____.
                     Institution             Date             Time

    (b)    I certify that I served the custodian _____ ,
                                       Name of Official

_____ , at _____ , on
        Title                           Institution

_____ with a copy of this document.
    Date

## OR

**(2)    Service by certified mail, return receipt.  (Attach copy of receipt)**

    I _____ , _____ , certify
                  Name of ICE Officer                     Title

that I served _____ and the custodian _____ ,
                Name of detainee                      Name of Official

with a copy of this document by certified mail at _____ on _____.
                                       Institution           Date

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File

56

# POST ORDER CUSTODY REVIEW WORKSHEET

**Detainee Name:**      SESAY, Isidra

**AKA(s):**      Mikey Jabbar

**Date of Birth:**      11/02/1965          **A Number:**   77 062 688

**Place of Birth:**      Sierra Leone        **Nationality**:   Sierra Leone

**Date of Last Arrival:** 07/26/1986      **Place of Arrival**: New York, New York

**Status at Last Entry:** Nonimmigrant      **Last Date into ICE Custody**: 10/27/2006

**Entered ICE Custody from:**        ☒ **Local, State, or Federal Institution**
**Institution Name/Location: Correctional Training**
**Facility, Soledad, California**
**BOP/ Institution Numbers:**

☐ **Other:**

**(A) Deportation Case Officer**: John Thomas        **Review Date:** 12/04/2007
        **Contact Phone #:**        (619) 710-8370

**ICE Location Detained and DCO**: Otay Detention Facility in San Diego, California

## Deportation/Exclusion/Removal Proceedings

**List all Charges:**      ☒      Section 237 (a)(1)(B), (a)(2)(A)(iii)
                         ☐      Section 212 (a)
                         ☐      Section 241 (a)

☒ Under Final Order dated: May 10, 2007 by ☒ IJ ☐ BIA ☐ Other:

☒ Appeal Waived/Appeal Time Elapsed

Habeas filed: ☐ Yes/ Date & Location filed        ☒ No

Stay Issued in Case: ☒ No ☐ Yes/Why and Who Issued

## Legal Representative / Attorney

**G-28 Filed**:   ☒ Yes      ☐ No

**Notification of Review Made**: ☒ No    ☐ Yes  **By**:

**Name of Representative / Attorney**: James Fife

**Mailing Address:**      225 Broadway Suite 900        **Telephone Number**:  (619) 234-8467
                         San Diego, CA 92101
**Present during interview**:     ☐ Yes ☒ No
(Rev. 1/19/05)                Page 1

*51*

**Immigration History:** ( ... ICE arrest[s]/parole/bond/custody in .... ..nation/adjustment/benefits granted (TPS, DED, withholding, etc.)

SESAY was admitted into the United States on July 26, 1986, at New York, New York as a nonimmigrant (B-2) visitor with authorization to remain in the U.S. until January 26, 1987. On October 24, 2006, the Immigration and Customs Enforcement (ICE) served SESAY with a Notice to Appear charging him as removable from the United States under Sections 237(a)(1)(B) and 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA). On May 10, 2007, an Immigration Judge (IJ) ordered SESAY removed from the United States to Sierra Leone. Both parties waived appeal.

**NCIC Checks:**          ☒ Criminal History          ☐ No Record Found
                              (State and Federal)

**Criminal History:** (list convictions, sentence, date, court, and include a summary of other NCIC arrests, failures to appear, etc.)

10/26/2004 – Sexual Battery by Restraint (Felony)- Sentence: 4-year incarceration.

01/21/1999 – False Report Crime to Specifics PO's (Misdemeanor)– Sentence: 36-months probation and 30-days jail.

(DO NOT FORWARD A COPY OF THE NCIC PRINTOUT TO HQCDU)

52

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?**  ☐ Yes  ☒ No

    If Yes, List & Describe:

    Source:

**Disciplinary reports and incidents while in ICE Custody?**  ☐ Yes  ☒ No

    If Yes, List & Describe:

    Source:

## Specifics of Review

**Date of File Review**: 12/04/2007

**Date of Detainee Interview**: (optional)

**Location of Interview**:

**Reviewing/Interviewing Officer**: #1: John Thomas

                         #2:

**Interpreter Used:** (If subject was interviewed)  ☐ Yes  ☐ No
**Name:**
**Language/Dialect:**

**Discussion at interview/review:**

No interview conducted, only file review.

53

**Travel Document Status/History:**

List aliens attempts to get travel documents and status (to include any actions alien has taken to *prevent* removal, and date of service of I-229 (a) and Instruction Sheet to Detainee):

List ICE's attempts to obtain a travel document and status:

On May 11, 2007, the Removal Unit mailed a travel document request to the Consulate of Sierra Leone in Washington, D.C.

On June 13, 2007, the Consular Official for Sierra Leone conducted a telephonic interview of SESAY but without determining citizenship.

On June 25, 2007, SESAY claims he is from the Sudan, but the Consular Official doesn't believe him. A request from HQTDU was initiated.

On July 23, 2007, a voicemail was left with the Sierra Leone Embassy. No further response has been received.

54

**Does the detainee have a place to live in the United States?**  ☒ Yes  ☐ No
    Describe:    728 Frawley Road  (423) 892-1440
                   Apt. 1009
                   East Ridge, (Chattanooga) TN. 37412

**Is the detainee subject to any parole or probation requirements?**  ☒ Yes  ☐ No
    Describe:    E. Richmond
                   320 W. 4th St. Ste1000
                   Los Angeles, CA. 90013  (213) 576-6500

**Does the detainee have close family ties within the United States?**  ☒ Yes  ☐ No
    Describe:    Teena G. Case (common-law wife)    John K. Edwards (240) 304-8921
                   728 Frawley Road  (423) 892-1440    6735 New Hampshire
                   Apt. 1009                                    Apt 304
                   East Ridge, (Chattanooga) TN. 37412    Takoma Park, Maryland 20912

**Does the detainee have community ties or non-governmental sponsors?**  ☒ Yes  ☐ No
    Describe:    Church of the Living God
                   2350 University Blvd
                   East Adelphi, Maryland 20783
                   Pastor Samuel Cole

**Does the detainee have any employment prospects?**  ☒ Yes  ☐ No
    Describe:    B.F.I. Waste Service LLC    Boiler Makers Local 656
                   1018 E. 38th St.              1011 Bachman St.
                   Chattanooga, TN. 37401    Chattanooga, TN. 37414 (423) 624-8113
                   (423) 867-4650

**What is the detainee's employment history?**
    Describe:    B.F.I. Waste Service LLC
                   700 Murfis Board Rd.
                   Nashville, TN. 37401 (Diesel /Hydraulic Technician

**What is the detainee's educational level?**
    Describe:    A.A. Degree from Chattanooga State community College

**Does the detainee have any vocational training?**  ☒ Yes  ☐ No
    Describe:    Diesel/Heavy Equipment System Mechanic
                   Boiler Repair Technician
                   Electrical Hydraulic System Technician

**Has the detainee submitted any evidence of rehabilitation, courses while in prison, etc?**
    Describe:

## Medical/Psychological Concerns

**Does the detainee have any medical or psychological issues:**  ☐ Yes  ☒ No

**Description (to include Date and Source):**

55

**Other documentary evidence for consideration in this review** (include any documentation submitted by detainee):

None provided.

# Special Circumstances Concerns

**Does the detainee appear to meet any of the criteria of 8 CFR 241.14 for continued detention?**

☒ **No**        ☐ **Yes (indicate below):**

☐   Aliens with a Highly Contagious Disease that is a Threat to Public Safety [8 CFR § 241.14(b)].

☐   Aliens Detained on Account of Serious Adverse Foreign Policy Consequences of Release [8 CFR § 241.14(c)].

☐   Aliens Detained on Account of Security or Terrorism Concerns [8 CFR § 241.14(d)].

☐   Detention of Aliens Determined to be Specially Dangerous [8 CFR § 241.14(f)]. Aliens who pose a threat to the public because they have committed a crime of violence, have a mental disorder and behavior associated with the disorder, and are likely to be violent in the future.

**All cases that may possibly meet any of these provisions must be coordinated with HQCDU per existing guidance.**

56

## Officer  Comments/Analysis & Reco  mendation

SESAY is a 41-year-old male native and citizen of Sierra Leone who was admitted into the United States on July 26, 1986, at New York, New York as a nonimmigrant visitor with authorization to remain in the U.S. until January 26, 1987. On May 10, 2007, an Immigration Judge (IJ) ordered him removed from the United States to Sierra Leone.

A review of SESAY's A-file reveals a conviction for "Sexual Battery by Restraint," for which he was sentenced to a 4-year prison term. This crime reportedly involved SESAY performing sexual acts on a developmentally disabled adult with the mental capacity of a thirteen year-old child. According to the Los Angeles County Sheriff's report, there may have been other instances in which SESAY was accused of this type of behavior. Also, SESAY left the state in which this investigation was being conducted, thus appearing to flee possible prosecution.

SESAY's A-file also reveals that on August 12, 2007, a 90-day file review was completed with a recommendation for continued detention due to him being considered a threat to the community and flight risk. Following SESAY's review, the Sierra Leone consulate notified ICE that a travel document could not be issued due to him claiming to be a Sudanese citizen. Since then, SESAY keeps providing ICE and the Sierra Leone Consulate with conflicting information regarding his true nationality. SESAY's A-file contains copies of his expired Sierra Leone passport. It appears evident that SESAY is hampering removal and engaging in deceptive behavior.

Custody jurisdiction had previously been transferred with HQCDU due to SESAY posing a danger to the community; however, in light of SESAY's deceptive behavior, additional focus has been placed on what appear non-compliant removal efforts. Although SESAY is considered a danger to the community, he is further considered a Failure to Comply, due to deception surrounding his country of removal. Due to SESAY's lack of cooperation, ICE cannot verify his true identity and nationality. Accordingly, it is recommended that SESAY remain in custody pending compliance with removal efforts to Sierra Leone.

| | |
|---|---|
| Reviewing Officer #1<br>Name/Title:   Kent D. Haroldsen - SDDO | Date:  12-06-07<br>Signature: |
| Reviewing Officer #2<br>Name/Title:   Eddie C. Johnson - SDDO | Date:  12-07-07<br>Signature: |
| Supervisory Reviewing Officer<br>Name/Title:   John A. Garzon - AFOD | Date:  12/7/07<br>Signature: |

## DECIDING OFFICIAL'S CUSTODY DETERMINATION

☐  RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☑  CONTINUE IN CUSTODY - RETAIN CUSTODY JURISDICTION

☐  CONTINUE IN CUSTODY - REFER TO HQCDU

Comments:

ICE Field Office: San Diego, CA

Signature of Deputy Field Office Director: _____    Date: 12/7/7

Deciding Official Name:

51

# POCR

**Name:** SeSay, Idrisa   **A-Number:** 77 062 688

**Control Date:** 10/27/2006   (Final order date or last date in ICE custody)

## TD Application & "Warning For Failure to Depart and Instruction Sheet" (I-229a) served on: 8/10/07,
\*\*\*(No later than 30 days post-control date (PCD)   12/31/07

## TD Follow-Up Dates: 5/10/07 , 6/13/07
6/25/07 , 7/23/07

## Date to HQ/TD Unit: _____ (No later than 60 days PC

**\*\*\*At the 60-day mark file needs to be forwarded to POCR officer for completion of the 90-day file review. \*\*At this time DACS comments should be updated indicating the likelihood of obtaining a TD & if removal appears to be imminent in the foreseeable future.**

**90-Day File Review Due:** _____
**90-Day File Review Completed:** 8/23/07
(If removal is imminent, POCR officer will return file to Rem. Office for TD follow-ups)

## TD follow-ups: 8/31/07 , 9/6/07/10/10/07 , _____

## 180-Day File Review Due: 12/10/07 Failure to Comply Completed
Serve I-229 monthly.

## PLEASE RETURN FILE TO POCR OFFICER NO LATER THAN: _____

58

**U.S. Department of Homeland Security**
Immigration and Customs Enforcement

Warning for Failure to Depart

| Name: | District Office: | File #: |
|---|---|---|
| SESAY, IDRISA | SAN DIEGO | A77 062 688 |

Section 243(a) of the Immigration and Nationality Act provides, in part, that:

Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 237(a) who--

(A)    willfully fails or refuses to depart from the United States within a period of 90 days* from the date of the final order of removal under administrative processes, or if judicial review is had, then from the date of the final order of the court,

(B)    willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure,

(C)    connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such, or

(D)    willfully fails or refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order,

shall be fined under title 18, United States Code, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 237(a)), or both.

Nothing in this section shall make it a violation to take proper steps for the purpose of securing cancellation of or exemption from such order of removal or for the purpose of securing the alien's release from incarceration or custody.

Any action the Immigration and Naturalization Service may take to obtain a travel document for your departure or to remove you will *NOT* relieve you of the liability for compliance with the provisions of law referred to in the first paragraph above.

*     Section 241(a)(1)(C) provides for the extension of the statutory removal period if the alien refuses, during the removal period, to make application in good faith, for a travel or other document necessary for the alien's removal or departure or conspires or acts to preve the alien's removal subject to an order of removal.

| Date Order Final: | Ordered Removed under Section: |
|---|---|
| 5/10/2007 | 237 (a) (2) (A) (iii) |

| Record of Service |
|---|
| (Check method used) |

| Record of Personal Service |
|---|

| (  ) | | |
|---|---|---|
| Served By:  (Print Name and Title of Officer)<br>IEA WILLIAM PITT | | Date:<br>12/31/07 |
| Officer's Signature:<br>*(signature)* | Location of Service:<br>San Diego District Office | |
| Served On:  (Alien's Signature)<br>*(signature)* | | Date:<br>12/31/07 |

| ( ) Warning administered in Court<br>(Copy of order attached) | Record of Personal Service (Cont.) |
|---|---|
| ( ) Certified Mail Service | Fingerprint of Alien  (Specify finger used) |
| **Attach certified mail receipts here.** | RIGHT THUMB. |

Form I-229(a)
(Revised 12/04/02)

59

# INSTRUCTION SHEET TO DETAINEE REGARDING REQUIREMENT TO ASSIST IN REMOVAL

The following is a list of things you are required to complete within 30 days of receiving this form, in order comply with your obligation to assist in obtaining a travel document:

*Mandatory requirements will be checked off by the INS officer depending on the facts of each case. Failure to comply or provide sufficient evidence of your inability to comply, may result in the extension of the removal period and subject you to further detention. In addition, you may be subject to criminal prosecution. If you need assistance in complying with any of the requirements, please contact a Deportation Officer.*

   ✕   Submit passports (current and expired) to the INS. If you have a copy of your passport, you are to submit it.

   ✕   Apply for a travel document/passport from your embassy or consulate, or directly from your government in your native country, or any other embassy or consulate of your native country in another country.

   ✕   Comply with all instructions from all embassies or consulates requiring completion of documentation for issuance of a travel document.

   ✕   Submit to the INS birth certificates, national identification cards, and any other document issued by a foreign government indicating your citizenship, nationality, place of birth, and place of residence prior to entering the United States.

   ✕   Provide names and addresses of family and friends residing in the United States and request that they contact your embassy or consulate in the United States, in order to facilitate the issuance of a travel document.

   ✕   Provide names and addresses of family and friends residing in your country of citizenship and request family and friends residing abroad contact your government in reference to issuing a travel document.

        You are required to take measures to request reinstatement of your previous nationality, register as required, or take any other action that will ensure the issuance of a travel document and your removal from the United States.

        Provide INS with written copies of requests to embassies or consulates requesting issuance of a travel document.

        Provide INS with written copies of responses from embassies or consulates regarding your requests.

        Solicit permission from another country, which may be able to accept you, to enter that country to effect your removal from the United States.

        Other:_____
_____.

Alien's Signature _____*Sessy*_____
A Number 77 062 688
Served by _WILLIAM PITT, IEA_ on _____ at _San Diego District Office_.
             Officer's Name         Date         Location

**To be served with I-229 (a) no later than 30 days after the final order**

(Rev. 10/24/02)

60

U.S. Department of Homeland Security

Immigration and Customs Enforcement

...arning for Failure to Depart

| Name: | District Office: | File #: |
|---|---|---|
| **SESAY, Idrisa** | **SAN DIEGO** | **A 77 062 688** |

Section 243(a) of the Immigration and Nationality Act provides, in part, that:

Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 237(a) who--

   (A)   willfully fails or refuses to depart from the United States within a period of 90 days* from the date of the final order of removal under administrative processes, or if judicial review is had, then from the date of the final order of the court,

   (B)   willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure,

   (C)   connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such, or

   (D)   willfully fails or refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order,

shall be fined under title 18, United States Code, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 237(a)), or both.

Nothing in this section shall make it a violation to take proper steps for the purpose of securing cancellation of or exemption from such order of removal or for the purpose of securing the alien's release from incarceration or custody.

Any action the Immigration and Naturalization Service may take to obtain a travel document for your departure or to remove you will *NOT* relieve you of the liability for compliance with the provisions of law referred to in the first paragraph above.

*      Section 241(a)(1)(C) provides for the extension of the statutory removal period if the alien refuses, during the removal period, to make application in good faith, for a travel or other document necessary for the alien's removal or departure or conspires or acts to preve the alien's removal subject to an order of removal.

| Date Order Final:<br>**05/10/07** | Ordered Removed under Section:<br>**237(a)(2)(A)(iii)** |
|---|---|

| Record of Service<br>(Check method used) | |
|---|---|

| Record of Personal Service | |
|---|---|
| ( ) | |
| Served By: (Print Name and Title of Officer)<br>**IEA W. Pitt** | Date:<br>**01/31/08** |
| Officer's Signature: | Location of Service:<br>**Otay Detention Facility / San Diego Field Office** |
| Served On: (Alien's Signature) | Date:<br>**01/31/08** |

| Warning administered in Court<br>(Copy of order attached) | Record of Personal Service (Cont.) |
|---|---|
| ( ) | |
| Certified Mail Service | Fingerprint of Alien (Specify finger used) |
| ( ) | |
| **Attach certified mail receipts here.** | |

Form I-229(a)
(Revised 12/04/02)

61

# INSTRUCTION SHEET TO DETAINEE REGARDING REQUIREMENT TO ASSIST IN REMOVAL

The following is a list of things you are required to complete within 30 days of receiving this form, in order comply with your obligation to assist in obtaining a travel document:

*Mandatory requirements will be checked off by the INS officer depending on the facts of each case. Failure to comply or provide sufficient evidence of your inability to comply, may result in the extension of the removal period and subject you to further detention. In addition, you may be subject to criminal prosecution. If you need assistance in complying with any of the requirements, please contact a Deportation Officer.*

   ✕   Submit passports (current and expired) to ICE. If you have a copy of your passport, you are to submit it.

   ✕   Apply for a travel document/passport from your embassy or consulate, or directly from your government in your native country, or any other embassy or consulate of your native country in another country.

   ✕   Comply with all instructions from all embassies or consulates requiring completion of documentation for issuance of a travel document.

   ✕   Submit to the ICE, birth certificates, national identification cards, and any other document issued by a foreign government indicating your citizenship, nationality, place of birth, and place of residence prior to entering the United States.

   ✕   Provide names and addresses of family and friends residing in the United States and request that they contact your embassy or consulate in the United States, in order to facilitate the issuance of a travel document.

   ✕   Provide names and addresses of family and friends residing in your country of citizenship and request family and friends residing abroad contact your government in reference to issuing a travel document.

      You are required to take measures to request reinstatement of your previous nationality, register as required, or take any other action that will ensure the issuance of a travel document and your removal from the United States.

      Provide ICE with written copies of requests to embassies or consulates requesting issuance of a travel document.

      Provide ICE with written copies of responses from embassies or consulates regarding your requests.

      Solicit permission from another country, which may be able to accept you, to enter that country to effect your removal from the United States.

      Other:_____
_____.

Alien's Signature_____ A # **77 062 688**

Served by **IEA W. Pitt** on **01/31/08** at the **Otay Detention Facility.**

**To be served with I-229 (a) no later than 30 days after the final order**

(Rev. 10/24/02)

62