**JAMES FIFE**
California State Bar No. 237620
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone No. (619) 234-8467
Email: james_fife@fd.org

Attorneys for Petitioner

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER)**

| | |
|---|---|
| IDRISA SESAY,<br><br>    Petitioner,<br><br>v.<br><br>MICHAEL CHERTOFF, et al.,<br><br>    Respondents. | Case No. 07CV2354-JM (LSP)<br><br>DATE: September 19, 2008<br>TIME: 1:30 p.m.<br><br>**PETITIONER'S OBJECTIONS TO EVIDENCE PROFFERED IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT** |

  Petitioner, by and through counsel, hereby enters his objections to the evidence proffered by Respondents in support of their Cross-Motion for Summary Judgment.

  Under Fed. R. Civ. P. 56(e)(1), it is contemplated that motions for summary judgment will be supported and opposed by "facts that would be admissible in evidence," such as affidavits or properly proffered documentary evidence. See also 10B Charles Wright et al., Federal Practice and Procedure § 2738 (3d ed. 1998). Affidavits, answers to interrogatories, and depositions are all acceptable support under Rule 56(e)(1), because they contain evidence under oath and so may be admissible at trial. Even then, such materials can support summary judgment only to the extent they are otherwise admissible evidence. 10A Charles Wright et al., Federal Practice and Procedure § 2722 (3d ed. 1998).

As regards other materials, Rule 56(e)(1) refers specifically to "a paper or part of a paper . . . referred to in an affidavit," and those papers must be certified or sworn to and attached to the affidavit. Thus, "[t]o be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." 10A Wright, supra, § 2722 (footnotes omitted). Wright gives the example of "a letter submitted for consideration under Rule 56(e) must be attached to an affidavit and authenticated by its author in the affidavit or a deposition." Id. (footnote omitted). For example, in Hoffman v. Applicators Sales & Service.,Inc., 439 F.3d 9, 14-15 (1st Cir. 2006), the First Circuit, in an age discrimination suit, rejected as a summary judgment proffer a chart purporting to show employee age break-downs, when the chart was not authenticated nor based on authenticated data or part of the record of the case. Similarly, documents that might normally be admissible as business records at trial lacked a proper foundation through an authenticating person, and so were not cognizable on summary judgment. See IBP, Inc. v. Mercantile Bank of Topeka, 6 F. Supp. 2d 1258, 1263 (D. Kan. 1998).

Failure to challenge improper evidence waives any objection to its consideration for summary judgment. See Townsend v. Columbia Operations, 667 F.2d 844, 849 (9th Cir. 1982).

Respondents proffer four items as exhibits in support of their Cross-Motion: (1) a letter from the Sudan embassy (Exhibits at 113); (2) a Report of Investigation by an ICE special agent (Exhibits at 114-16); (3) college transcripts (Exhibits 117-20); and (4) a copy of Dr. Lobban's report (Exhibits 121-31). In light of the above principles, Mr. Sesay objects to items (2) and (3) and asks they be stricken.

**Item (2)**: This document purports to be a Report of Investigation by ICE agent Salazar concerning a person named Mariama Kamara and her son, Sheck Almammy Sesay. The document is not a sworn deposition or affidavit and is not already in the record on summary judgment. The report is not authenticated and so does not qualify for admissibility as a business or public record. See IBP, 6 F. Supp. 2d at 1263; Fed

R. Evid. 901, 902.

Moreover, the report states that the agent was unable to contact Ms. Kamara, because she had been deported in 2004, and attempts to contact others who knew her were unavailing. It also shows her country of origin as Sierra Leone and Uganda and also different A-file numbers. Exhibits at 115-16. A records check on Sheck revealed a DMV record showing a birthdate of April 20, 1980, and a birth certificate showing no listing for the father. Nothing in this report relates any information pertaining to the issues in this case. Thus, the document lacks any relevance under Fed R. Evid. 401 and is excludable under Fed R. Evid. 402. In addition, its consideration here would only confuse the issues and waste time. See Fed. R. Evid. 403. The Court should not consider this proffer and strike it from the record.

**Item (3)**: This document purports to be college grade transcripts for one "Idrissa Sesay Cisse." The first page is titled "Declaration Re Subpoena Duces Tecum" and is signed by an unidentified "custodian of records." Exhibits at 117. Although there is a box indicating that the attached records are true copies, that box is **not checked**. Therefore, the records are inadmissible as not being properly authenticated.

Moreover, the records show nothing of any relevance to the issues of this case; they merely report the grades earned on courses taken during 1993-1996. This information has no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable" and so is irrelevant under Rule 401 and inadmissible under Rule 402. Also, since it bears no materiality to this case, its consideration is confusing and wasteful under Rule 403 and should be stricken.

|  |  |
|---|---|
| Dated:  September 5, 2008 | Respectfully submitted,<br><br>*s/ James Fife*<br>**JAMES FIFE**<br>**Federal Defenders of San Diego, Inc.**<br>Attorneys for Petitioner SESAY<br>james_fife@fd.org |

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing is true and accurate to the best information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy to Chambers

Copy to Assistant U.S. Attorney via ECF NEF

Copy to Defendant

Dated: September 5, 2008         /s/ JAMES FIFE
                                 Federal Defenders of San Diego, Inc.
                                 225 Broadway, Suite 900
                                 San Diego, CA  92101-5030
                                 (619) 234-8467  (tel)
                                 (619) 687-2666  (fax)
                                 James_Fife@fd.org (email)